ROBERT J. LYNCH *vs.* BENJAMIN W. WHITE ET ALS.

Third Judicial District, Bridgeport, April Term, 1912.
PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH WHEELER, Js.

A clause in a deed excepting and reserving a pent or passway sixteen feet wide, commencing on the street and running south across the rear of three houses to be erected on the premises conveyed, there being no pentway or definite passway in existence at the time of the conveyance, is too indefinite in its description to be sustained as creating a valid exception.

VOL. LXXXV—35

Lynch *v.* White.

The grantor in such a deed who retains or owns no land to which the right thus created could be appurtenant, has, there being no words of limitation, at most an easement for life only and no right is acquired therein by a quitclaim deed from his heirs.

Where the owner of several city lots erects a block of dwelling-houses upon them and designates by a row of sheds the limits of a sixteen-foot passway, the evident design of which is that it shall be used as a way to get to the rear of the sheds, such owner having no interest in retaining the fee of the passway, a clause in a deed made by him conveying one of the lots which excepts and reserves a passway sixteen feet wide to be used in common with the occupants of the block, creates a reservation of a right of way, the fee vesting in the grantee.

The character and extent of an easement of this nature are to be determined from the language of the deed, and if that is ambiguous, the situation of the property and the surrounding circumstances may be considered, in ascertaining the intention of the parties.

One who has purchased a portion of the land conveyed by deed containing such a clause and whose deed from his immediate grantor excepts and reserves a passway to be used in common with the occupants of the block, acquires no right to use the passway in connection with other and independent property owned by him located upon another street.

He cannot lay or maintain pipes under or along such passway and is properly enjoined from so doing.

He acquires no right to pass over the land in question for any purpose connected with a boarding-stable or public garage maintained upon a portion of the land embraced within the original conveyance, such use by persons not occupants of the block being clearly in excess of the rights reserved.

Argued April 18th—decided July 19th, 1912.

SUIT to restrain the defendants, their agents and employees from using a passway across the rear of the plaintiff's land, and from maintaining or using pipes laid therein, brought to the Superior Court in Fairfield County where the facts as stipulated by the parties were found by the court, *Curtis, J.*, and judgment rendered for the plaintiff, from which the defendants appealed. *No error.*

*John C. Chamberlain,* for the appellants (defendants).

*Spotswood D. Bowers,* for the appellee (plaintiff).

THAYER, J. In 1865 John S. Benham deeded to Thomas Ransom a vacant lot of land in Bridgeport, describing it as follows: "Northerly on John Street, 150 feet, more or less; westerly on Courtland Street, 160 feet, more or less; southerly on lands of Wm. G. Lineburgh, H. F. Hatch, T. Ransom, Wm. B. Dyer, J. H. and J. N. Benham; easterly on land of Joseph A. Banks. Excepting and reserving out of the same a pent or passway 16 feet wide, commencing on John Street and running south across the rear of the three northernmost houses to be erected on said premises." There was, at the time of the conveyance, no pent or passway on the premises. Ransom at once erected a block of five dwelling-houses on the lot, the block fronting on Courtland Street and extending back about seventy-five feet. The houses were separated by party walls. The northernmost house, at the corner of the two streets, was twenty-five feet in width fronting on Courtland Street, the next three were twenty-two feet front, and the fifth had a frontage of twenty-eight feet. Within three years after his purchase, Ransom sold the five houses, with the lots upon which they stood, to third parties, describing the lots in each case as being one hundred and fifty feet deep, and the width, front and rear, as being the same as the frontage of the house standing upon the lot, except that the fifth lot was described as sixty-five feet in front and sixty feet in the rear. This lot included all the land purchased of Benham lying south of the fourth lot. At the time the block of houses was built, Ransom built a continuous row of wood-sheds across the lots, the rear of which was sixteen feet distant from the rear of the lots. There were doors in the rear of these sheds, allowing access from the sixteen-foot strip in the rear of the sheds; and there was a front door to each, and a flag-walk leading therefrom to the rear door of the dwelling upon the corresponding lot. The

deed of the first lot, now owned by the plaintiff, contained this reservation: "reserving and excepting out of the same passway across the rear of said premises 16 feet wide, to be used in common with the occupants of said block." The deed of the fifth lot, the rear portion of which is now owned by the defendant White, contained this provision: "with use of passway 16 feet wide to and from John Street, in common with the occupants of said block." The deeds of the other three lots contained provisions as to a sixteen-foot passway similar to that contained in the deed of the first lot.

Benham, the grantor of Ransom, died in 1900. So far as appears, he owned no land adjoining the premises conveyed to Ransom at the time of or after that conveyance. November 15th, 1905, the defendant White secured from Benham's heirs at law a quitclaim deed of the sixteen-foot strip in the rear of the row of sheds. Neither Benham nor his heirs had made any conveyance of this strip subsequent to the conveyance to Ransom, prior to the giving of this quitclaim.

November 17th, 1905, White purchased a strip of land thirty-nine feet wide, extending across the entire rear of the fifth lot. This was covered by no portion of the dwelling-house erected upon that lot, but was covered in part by a barn, which was erected by the original purchaser from Ransom. White previously owned, and now owns, adjoining land on the south, which fronts upon State Street.

White, by virtue of these conveyances to him, claims to be the owner of the passway in the rear of the three northernmost lots, and to have the right to use the passway in the rear of the other two lots for all purposes, has laid gas, water, and sewer pipes through it, connecting with a barn and garage now standing on the rear of lot number five, and has leased that portion of the original lot number five to the other defendants, with

·the privilege of conducting a public garage and stable thereon, and with the right to use the passway for themselves and their patrons in connection therewith. The court did not sustain these claims of the defendants, and rendered judgment enjoining them from laying or maintaining pipes for gas, water, or sewage in the ground under said passway, and from passing over the premises in any use connected with a boarding-stable or public garage upon the property now owned by the defendant White, or from passing over it as a passway to or from his State Street property.

The seven reasons of appeal raise only three questions, namely, whether the court erred in holding: (1) That White is not the owner of the fee of the *locus in quo;* (2) that the plaintiff owns the fee to the sixteen-foot strip; and (3) that, under the right of way granted by Ransom's deed of lot number five, the defendants had not the right to use the passway for the purposes against which they were enjoined.

White's only claim to ownership of the fee rests upon his deed from the heirs of Benham. They had no title to convey unless the fee of the passway was excepted in Benham's deed to Ransom. The description in that deed covered the entire one hundred and fifty feet extending from Courtland Street east to the Banks land. There was no pentway or definite passway existing at that time upon the land described in the conveyance. Treating the provision in the Benham deed as an attempted exception of a strip of land sixteen feet wide extending from John Street south across the three northernmost lots, it failed in its purpose because there was no pent or passway to which it could apply; and without such the description of the land attempted to be excepted was too indefinite, and the exception cannot be sustained. *Chappell* v. *New York, N. H. & H. R. Co.,* 62 Conn. 195, 208, 24 Atl. 997; *Andrews* v. *Todd,*

50 N. H. 565, 568; *Darling* v. *Crowell*, 6 N. H. 421, 424; *Thayer* v. *Torrey*, 37 N. J. L. 339, 344.

If the provision in the deed is treated as a reservation of a right of way over this strip of land, White acquired no rights in the strip by his quitclaim deed from the Benham heirs. The way reserved was not appurtenant to any other land of the grantor. No words of limitation extending the right to his heirs were used. There is nothing in the agreed statement of facts from which it can be presumed that it was intended that the right should extend beyond the life of the grantor. At most, therefore, the provision created an easement only for the lifetime of the grantor, and it ceased with his death in 1900. *Chappell* v. *New York, N. H. & H. R. Co.*, 62 Conn. 195, 208, 24 Atl. 997, *Knowlton* v. *New York, N. H. & H. R. Co.*, 72 Conn. 188, 192, 44 Atl. 8; *New Haven* v. *Hotchkiss*, 77 Conn. 168, 175, 58 Atl. 753.

When Ransom conveyed the lots, the sixteen-foot strip now in question was designated by the row of sheds. It was doubtless the design that it should be used as a way to get to the rear of the sheds. He could have no interest in retaining the fee to this narrow strip of land over which the occupants of the block of five dwelling-houses were to have a right of way. All the circumstances, as well as the deeds, which include the passway within the description of the premises conveyed, indicate a contrary intention. We think the Superior Court rightly construed the Ransom deed as conveying the fee of the sixteen-foot passway, reserving a right of way over the same in common to the other occupants of the block. *Peck* v. *Smith*, 1 Conn. 103; *Wellman* v. *Churchill*, 92 Me. 193, 195, 42 Atl. 352. The plaintiff, by his deed, took the fee of the strip subject to the same easement.

The character and extent of the easement are to be determined from the language of the deed, and if that

is ambiguous, the situation of the property and the surrounding circumstances may be reverted to, in order to ascertain the intention of the parties, and to give it effect. *Peck* v. *Mackowsky*, 85 Conn. 190, 193, 82 Atl. 199; *Sweeney* v. *Landers, Frary & Clark*, 80 Conn. 575, 578, 69 Atl. 566. By the language of the deed, the passway reserved is to be used in common by the occupants of the block. The court held that this gave the defendants no right to use it in connection with White's State Street property. This is too clearly correct to be questioned by the defendants. The court also held that it gives the defendants no right to lay and maintain pipes under and along the passway. This would be using the land for an entirely different purpose than that for which the easement was granted. *Hart* v. *Chalker*, 5 Conn. 311, 315. Being clearly in excess of the right conveyed, the defendants were properly restrained from making such use of the passway. The court further held that the defendants, under the Ransom deed, acquired no right to pass over the land in question in any use connected with a boarding-stable or public garage maintained upon the portion of lot number five now owned by White. The establishment of such public garage and stable upon the rear of any of the lots, and the use of the passway in connection with such business by persons not occupants of the block, are as clearly in excess of the rights reserved by the deed as the use of the land for sewage and water pipes. The court having correctly so held, it is not necessary to determine whether the use of the passway is limited to occupants of the block only, as claimed by the plaintiff.

There is no error.

In this opinion the other judges concurred.