# Farrell et al., Appellants, v. Bowker et ux.

*Equity—Specific performance—Inadequate description.*

1. A chancellor can enforce an agreement specifically only where the parties have agreed definitely on all its terms and left nothing in the future but mere performance.

2. Where, from a definite whole, an indefinite part is excepted, the remainder is rendered so uncertain that it is impossible to order a conveyance till the indefinite part is ascertained.

3. Specific performance will not be decreed where the agreement provides a conveyance clear of all encumbrance except a life interest in the vendors in a house occupied by them "and one-half acre of taxable ground......which plot of ground will be later designated by the parties hereto," and there is nothing to show that the parties had ever made any attempt to agree on the location of such half acre.

4. In such case there can be no application of the rule that "if the description of the exception is void for uncertainty the title for the whole tract passes."

5. Nor can the vendee claim that it was the intention of the parties to reserve the right to designate the one-half acre of ground after the delivery of the deed.

Argued September 25, 1923. Appeal, No. 15, Oct. T., 1923, by plaintiffs, from decree of C. P. Westmoreland Co., No. 1115, in equity dismissing bill in equity, in case of Hugh F. Farrell and Curt G. Wagner v. Elizabeth

Bowker and James Bowker.  Before MOSCHZISKER, C. J.,
FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.
Affirmed.

Bill in equity for specific performance.
Demurrer to bill.  Before WHITTEN, J.
The opinion of the Supreme Court states the facts.
Bill dismissed.  Plaintiffs appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Carroll Caruthers,* for appellants.—Whenever it appears the intention of the parties was the contract should be performed and that the stipulation for liquidated damages or a penalty was inserted merely as a security for such performance, then the contract will be specifically enforced: Sylvester v. Born, 132 Pa. 467; Heckman's Est., 236 Pa. 193.

The contract in suit is not so indefinite as to prevent its specific performance.

Real estate may be described, in a contract to convey, by reference to a plan, a plot, a number, a prior conveyance, a name, or by other sufficient identification and such description will be sufficient to secure its enforcement: Ross v. Baker, 72 Pa. 186; Henry v. Black, 210 Pa. 245; Ranney v. Byers, 219 Pa. 332; Haupt v. Unger, 222 Pa. 439; O'Connell v. Cease, 267 Pa. 288; Shaw v. Cornman, 271 Pa. 260.

*Robt. W. Smith,* of *Smith, Best & Horn,* with him *Percy Allen Rose,* for appellees.—The contract in suit is so indefinite as to prevent its specific performance: Soles v. Hickman, 20 Pa. 180; Zimmerman v. Rhoads, 226 Pa. 174; Albright v. Albright, 228 Pa. 552; Agnew v. Land Co., 204 Pa. 192.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 7, 1924:

In this equitable proceeding to obtain a conveyance of four tracts of land described in a written agreement between the parties to the suit, the court below, sustaining a demurrer, held the contract so indefinite regarding the property to be conveyed as to prevent a decree of specific performance against defendants; plaintiffs have appealed.

The particular provision which gives rise to the controversy is as follows: "The premises are to be conveyed clear of all encumbrances or easements or other obligations to the title except a life interest to be excepted and reserved by the parties of the first part [vendors in the agreement, and defendants here] in the house which they now occupy and one-half acre of tillable ground for raising garden truck, which plot of ground will be later designated by the parties hereto."

In sustaining the demurrer, the court said: "It is apparent the one-half acre so to be excepted from the four tracts of land has never been designated or located by the parties to the contract. Neither is there any averment that plaintiffs have requested defendants to agree upon the location thereof, nor that plaintiffs, before the filing of their bill of complaint, offered to accept such location of the reservation as defendants might designate. Looking only at plaintiffs' bill, it does not appear that either plaintiffs or defendants have made any attempt to agree upon a location of this reservation, although the contract specifically states that such reservation 'will be later designated by the parties hereto.' In other words, as the case now stands, both parties have neglected to designate, or to attempt to designate, the location of the reservation, [and] without such location......it would be impossible to execute and deliver a deed in accordance with the terms of the contract. ......'A chancellor can only enforce an agreement specifically where the parties have agreed definitely on all

its terms and left nothing to the future but mere performance': Agnew v. Southern A. L. Co., 204 Pa. 192." In this we see no error.

While here the uncertainty of description concerns what is reserved out of the tracts of land to be conveyed, it is, nevertheless, apparent that if, from a definite whole, an indefinite part is excepted, necessarily the remainder is rendered so uncertain that it is impossible to order a conveyance till the indefinite part is ascertained.

In the case of Agnew v. Southern, supra, it was provided by the contract in suit that the size of the lot of ground purchased was to be determined thereafter, referring to a general plan "to be laid out and established." Mr. Justice MITCHELL said, affirming a decree dismissing the bill: "The memorandum in writing on which appellant's bill is founded is......wanting in that complete and definite character which is necessary to enable a court of equity to decree specific performance. The bill supplements the memorandum by describing the land as 'lot No. 1, in a plan......' It may be conceded that if the memorandum itself had so described it, the court might have resorted to extrinsic evidence......to identify the subject-matter......The memorandum itself [however] not only fails to identify the land in question ......, but shows affirmatively that the precise...... location and boundaries of the intended purchase were left to future......determination......The definite terms of the contract were thus expressly left for the future actions of the parties......A chancellor can only enforce an agreement specifically where the parties have agreed definitely on all its terms and left nothing to the future but bare performance." This language well applies to the case at bar.

In the instant case there is to be "excepted and reserved" from the deed of conveyance a life estate by the vendors (defendants) "in the house which they now occupy," and the same estate in "one-half acre of tillable ground," it being expressly provided by the contract

that this "plot of ground will be later designated by the parties hereto." The parties having thus expressly agreed how the portion reserved out of the conveyance should be determined and "designated," neither the separate selection of the vendors or vendees nor the judgment of the chancellor can be substituted without making a new contract for them. Perhaps the "house which they [the vendors] now occupy" might be located by parol (O'Connell v. Cease, 267 Pa. 288), on the theory of locating a subject-matter sufficiently described to satisfy the statute of frauds, but not so the half-acre of ground, the designation of which was expressly left to future joint action of the parties.

Under the express terms of the present agreement, the reservation is so connected with acts yet to be performed by the contracting parties, in order to determine and adequately describe the property involved, that there can be no application of the rule which appellants claim should control this case, namely, "If the description of the exception is void for uncertainty, the title for the whole tract passes......(8 R. C. L. 1097; 18 Corp. Juris 344, 348)." As correctly said in the work last above cited (18 C. J. 348), uncertainty of description does not render a reservation void where there is a method provided in the deed "whereby it can be made sufficiently certain."

Finally, we cannot hold, as appellants would have us do, that "it was the intention of the parties to reserve the right to designate the one-half acre of ground after the delivery of the deed"; the plain words of their contract, quoted at the beginning of this opinion, forbid such construction.

We have examined the numerous authorities cited; those controlling us are not at variance with the views here expressed, nor with the ultimate conclusion reached by the court below, and those from other jurisdictions are distinguishable on their facts.

The assignments of error are overruled and the decree is affirmed at cost of appellants.