WYNN v. HALE.

5-1275                                        301 S. W. 2d 466

Opinion delivered April 29, 1957.

*Tom Kidd,* for appellant.

*G. W. Lookadoo,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellee, J. W. Hale, brought this suit to require appellants to remove certain cattle guards and gates erected on a public road, and which he alleged were obstructions. The facts appear to be undisputed and the appellee says: ''The only questions involved in this law suit are whether or not the appellants had a legal right to place the cattle guards and gates across the road, and whether or not the cattle guards and gates are obstructions.''

The trial court found the issues in favor of appellee and ordered the cattle guards and gates removed. This appeal followed. The chancellor's findings contained this recital: "That plaintiff and defendants own adjoining real estate in Pike County, Arkansas; that a road is on the land line between the adjoining owners; that this road or highway has been in use by the public for a period of more than fifty years, openly, continuously and adversely, and that the public has acquired an easement by prescription of which it cannot be dispossessed by the owners of the land in fee:

That plaintiff and his wife have used this road for more than fifty years and now are using it in going from their home that is located on said highway to their mail box and to church and to Nashville, Dierks, Murfreesboro and other places; that this is their only means of ingress and egress to their home; that the road is a public highway and is now used by the plaintiff and the public generally;

That defendants bought their real estate during the year 1943 and, at the time that they purchased this land, it was enclosed and there was a fence built on each side of the public road involved in this controversy; that defendants, in 1952, built two cattle guards and swinging gates, one at the east end and one at the west end of the road herein between defendants' land;

That plaintiff does not own a car but that he does own a wagon and team, and in traveling over this road he is required to stop and open and close the gates; . . ."

We have concluded that the court erred in holding that the gates and cattle guards were obstructions and should be removed. It is conceded that appellee and the public generally have acquired from long usage a prescriptive right to use this road. We hold that the obstructions do not prevent its free use to appellee in going to and from his farm. His complaint is that he had no motor vehicle and cannot drive over the cattle guards with a team of horses or mules and must, therefore, stop when he reaches the cattle guard, open, drive through,

and close the gate, which is an inconvenience to him. We think this slight personal inconvenience, which is no different from that suffered by the public generally, does not warrant removal of the cattle guards and gates.

The applicable rule in such a situation as is presented here is announced by the text writer in 40 C. J. S. § 226(b), p. 225, in this language: ". . . a property owner has no right of action where the obstruction does not prevent access to his land but merely causes him personal inconvenience in being compelled to take a more circuitous route in going from his property to necessary points. A mere traveler on the highway cannot bring an action to abate an obstruction unless he shows some injury greater than personal inconvenience suffered by the necessity of taking a more circuitous route in reaching his destination."

Accordingly, the decree is reversed and the cause remanded with directions to enter a decree consistent with this opinion.

Mr. Justice McFADDIN dissents.