ROBERT J. PIGEON, EXECUTOR (ESTATE OF MARY C. HATHEWAY) *v.* EARL HATHEWAY

ALCORN, HOUSE, THIM, RYAN and COVELLO, JS.

Argued November 7, 1967—decided February 27, 1968

*Donald B. Caldwell,* for the appellant (defendant).

*Etalo G. Gnutti,* for the appellee (plaintiff).

RYAN, J. The plaintiff, Robert J. Pigeon, executor of the estate of Mary C. Hatheway, brought this action, which the parties have seen fit to treat as one to quiet title to certain real estate, requesting the court to declare invalid an option to purchase the property in question. The trial court rendered judgment for the plaintiff, and the defendant has appealed.

Although the right of the plaintiff executor to bring this action is not disputed by the defendant, we cannot overlook the well-settled law that title to real estate passes to the heirs or devisees immediately on the death of the owner. It does not vest in

the executor or administrator. We have permitted an action by an administrator to remove a cloud on title when resort to the realty is necessary to pay administration expenses or claims against the estate. *Munger* v. *Doolan,* 75 Conn. 656, 662, 55 A. 169. We do not have such a factual situation in the present case. Section 45-257 of the General Statutes provides in part: "The court of probate having jurisdiction of the settlement of the estate of any deceased person may, concurrently with courts of equity, authorize the executor or administrator to convey the title of the deceased in any real estate to any person entitled to it by virtue of any contract of such deceased person." This statute concerns personalty. "The estate of an owner of real estate under contract of sale, under the doctrine of equitable conversion, becomes in equity an estate in personalty and in case of his death before his contract is performed, or fully performed, the contract and the proceeds thereof are personal property or assets in the hands of his administrator or personal representative to be administered as the rest of his personal assets are administered. *Emery* v. *Cooley,* 83 Conn. 235, 76 Atl. 529; note, 34 Ann. Cas. (1914 D) p. 419." *Bowne* v. *Ide,* 109 Conn. 307, 315, 147 A. 4; see *Brookfield* v. *Hutchins,* 126 Conn. 435, 440, 11 A.2d 853; 2 Locke & Kohn, Conn. Probate Practice § 386. In the instant case, we are concerned with the validity of an option to purchase realty which is, of course, a unilateral contract of sale and must be treated as personalty in the hands of the plaintiff executor. Upon this basis we treat the case as the parties and the court have done as an action brought pursuant to § 47-31 of the General Statutes, which provides for settling title to personalty as well as realty.

The finding of subordinate facts, which is unattacked, recites the following facts: Mary C. Hatheway, hereinafter referred to as the decedent, died on April 12, 1965, leaving a will in which the plaintiff was named executor. On April 29, 1949, the decedent was the owner of an undivided one-half interest, as a tenant in common, with Mary M. Hatheway, in land and buildings situated in the town of Ellington. On that date the decedent executed to the defendant an option to purchase her interest in part of this land. The decedent was the defendant's aunt. Mary M. Hatheway, the defendant's mother, also executed an option to the defendant for her interest in part of the premises, but this option is not involved in the present litigation. The option in question was not recorded in the land records of the town of Ellington until June 27, 1962. The pertinent portion of the instrument is printed in a footnote.[1] Subsequent to the date of the execution of this option, the decedent conveyed from the premises in

---

[1] "OPTION TO PURCHASE

"TO ALL THOSE TO WHOM THESE PRESENTS SHALL COME, GREETING:

"KNOW YE, That I, MARY C. HATHEWAY, of the Town of Ellington, County of Tolland and State of Connecticut, in consideration of one dollar and other good and valuable considerations to me in hand paid by EARL HATHEWAY, of said Town of Ellington, the receipt whereof is hereby acknowledged, do give, grant, bargain and sell unto the said EARL HATHEWAY the option and privilege of purchasing from my Estate, after my death, all right, title or interest which my said Estate may have in or to all of the premises comprising the

"Hatheway Homestead, situated in the Town of Ellington, Connecticut, and for a particular description of the same reference is made to a probate Certificate of Title, Estate of George B. Hatheway, deceased, dated January 27th, 1941 and recorded in Ellington Land Records, in Vol. 47, at Page 487, and other references germane.

"Excepting therefrom the following previous transfers from Mary M. Hatheway and Mary C. Hatheway as follows:

"1. To Earl Hatheway, one parcel by a Warrantee Deed dated June

question her interest in three parcels of land. One of these conveyances was to the defendant. The option was not mentioned in any of these deeds. She also executed, subsequent to the date of the option, three leases of the premises in question, two being to the defendant and one to the Hatheway Tobacco Company. The option was not mentioned in any of these leases. Each of the leases contained the following provision: "Excepting therefrom approximately one acre with the buildings and improvements thereon which are at present used and occupied by the lessors for their home." At the time of the execution of these leases, the parties to the leases agreed that the potato warehouse and the tobacco sheds were to be excluded. Whether the barns or sheds near the dwelling as shown on a map presented in evidence by the defendant were the excluded buildings is unknown. The defendant's map, drawn to scale at his direction, was admitted

---

17th, 1941, and recorded in Ellington Land Records, Vol. 47, at Page 602.

"2. To Earl Hatheway, one parcel by a Warranty Deed dated October 29th, 1945, and recorded in said Land Records, Vol. 50, Page 336.

"3. To Wentworth Cross, one parcel by Warranty Deed dated June 17th, 1941, and recorded in said Land Records, Vol. 47, Page 600.

"THERE IS EXCEPTED from this option to purchase, and specifically excluded therefrom, the houselot of about one (1) acre, together with the house and garage situated thereon.

"THE SAID EARL HATHEWAY shall have the within and foregoing option and privilege to purchase said property from my said Estate for a purchase price and sum of money equal to the value of said property, excluding said houselot, house and garage, as the same shall be set by my Executor or Administrator and appraisers in the inventory of my said Estate to be filed in the Probate Court pursuant to the law in such cases made and provided.

"THE SAID EARL HATHEWAY may exercise this option and privilege by tendering to my said Executor or Administrator said inventory value of said property at any time not later than six (6) months after the appraisal of said value by my appraisers as aforesaid."

in evidence for the limited purpose of showing the relative positions and sizes of buildings and driveways on the premises in question. The lines drawn on the map delineating distances and directions on four sides were not admitted in evidence. The locations of buildings and driveways were found to be correct as shown on this map. Certain stakes shown on this map were those which the defendant authorized and directed the surveyor to place just before the time of trial.

The court made a visual inspection of the premises and found the following facts: No natural or artificial bounds, other than the stakes placed in the ground just prior to the trial, denote any boundary. The northerly line of the home lot, as claimed by the defendant, is three feet from the barn northerly of this line. If that line were accepted, the southerly line as claimed by the defendant would encroach about five to six feet into cultivated land under a lease which specifically excluded the so-called house lot. If the defendant's claim as to the location of the westerly line were accepted, a portion of land which extends easterly of this line and measures about thirty-three feet by sixty-six feet is, and has been, cultivated by the defendant and the corporation of which he is an officer as part of leased premises from which the house lot was specifically excluded. The westerly line as claimed by the defendant is about two and one-half feet from an existing barn or shed located westerly of the claimed line. The door on this shed which is about five feet wide swings, when open, about two and one-half feet into the area which the defendant claims to be the home or house lot.

From the evidence and its inspection of the premises, the trial court concluded that the bound-

aries of the excluded house lot, as claimed by the defendant, have no relationship to a dwelling with outbuildings naturally appurtenant to such a dwelling especially in a rural area; that a description of the excepted premises could not be ascertained by oral proof; that the boundaries of the excepted parcel are so indefinite and uncertain as to make the boundaries of the remaining land described in the option so indefinite and uncertain as to be unenforceable; that the description used for the excepted parcel is too uncertain and indefinite to satisfy General Statutes § 52-550; and that the general description of the land to be conveyed in the option is too uncertain and indefinite to satisfy § 52-550. Judgment was rendered that title to the interest of the estate of Mary C. Hatheway be quieted and settled in the estate free of any claim of the defendant by virtue of the option to purchase.

The defendant assigns error in the conclusions reached by the trial court. The principal issue in this appeal is whether the exception of the premises described as the "house lot" is so indefinite as to make the entire description of the land in the option to purchase indefinite.

The option to purchase relates to an interest in land and is subject to the Statute of Frauds. *Didriksen* v. *Havens,* 136 Conn. 41, 46, 68 A.2d 163. Under our statute, the option "must state the contract between the parties with such certainty that the essentials of the contract can be determined from the memorandum itself without the aid of parol proof, either by direct statement or by reference therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agree-

ment." *Santoro* v. *Mack,* 108 Conn. 683, 687, 145 A. 273; *Marsico* v. *Kessler,* 149 Conn. 236, 237, 178 A.2d 154; *Montanaro* v. *Pandolfini,* 148 Conn. 153, 157, 168 A.2d 550; *Garre* v. *Geryk,* 145 Conn. 669, 672, 145 A.2d 829. The description of land contained in a contract of sale or any option to purchase is sufficiently definite to satisfy the requirements of the Statute of Frauds "whenever it is reasonably certain from the contract itself, or can be made certain through reference to record, contract, map or fact, by resort to extraneous evidence thereof, whether oral or written." *McMahon* v. *Plumb,* 88 Conn. 547, 552, 92 A. 113; *Peterson* v. *Bray,* 138 Conn. 227, 230, 83 A.2d 198. The defendant concedes that the description of the exception by itself is indefinite and general. It is, however, the claim of the defendant that, in the light of all the surrounding circumstances, the boundaries of the land described in this exception could be ascertained with sufficient definiteness to render the exception sufficient and valid.

The court's conclusions are to be tested by the finding. *Brockett* v. *Jensen,* 154 Conn. 328, 331, 225 A.2d 190. So much of the finding as states facts which appeared to the court on the inspection of the premises is properly a part of the finding. Practice Book § 620; *New Haven College, Inc.* v. *Zoning Board of Appeals,* 154 Conn. 540, 542, 227 A.2d 427; *Gulf Oil Corporation* v. *Board of Selectmen,* 144 Conn. 61, 65, 127 A.2d 48. The conclusions reached by the court must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500.

The defendant claims that, if the description of

the premises as a whole is valid, but the description of the exception is insufficient, he is entitled to the entire property including the house lot and the garage. He urges that uncertainty of, or insufficiency in, the description results in vitiating the exception only and does not render invalid the option as a whole. "It is said that if an exception is not described with certainty, the grantee [of a deed] shall have the benefit of the defect; that is, the grantee is invested with title to all the property mentioned in the deed, disregarding the exception." 23 Am. Jur. 2d 301, Deeds, § 266; see *Lynch* v. *White,* 85 Conn. 545, 549, 84 A. 326.

In the instant case, we are dealing, not with a deed, but with an option to purchase real estate, and the doctrine urged by the defendant has no application. Unlike a deed, the language of an option to purchase realty cannot be regarded as the language of the optionor alone. It is usually the language of both the optionor and the optionee, and there are no facts in this case to indicate otherwise. "An option is a unilateral contract in which the optionor agrees with the optionee that he has a right to buy the optionor's property according to the precise terms and conditions of the contract. *Morgan* v. *Forbes,* 236 Mass. 480 [128 N.E. 792]." *Butler* v. *Richardson,* 74 R.I. 344, 350, 60 A.2d 718. There is authority for the proposition that options for the purchase of real estate are usually strictly construed against the person whose right it is to exercise the option; 91 C.J.S. 850, Vendor and Purchaser, § 8; and that a purchase option is largely for the benefit of the optionee and must be construed with this fact in mind. *Sinclair Refining Co.* v. *Allbritton,* 147 Tex. 468, 474, 218 S.W.2d 185; *Barnhart* v. *Stern,* 182 Wis. 197, 199, 196 N.W. 245.

The defendant claims that the map received in evidence indicates clearly that an acre including the house and garage, but excluding other buildings, can be laid out. An acre is defined as "[a] quantity of land containing 160 square rods of land, in whatever shape." Black, Law Dictionary (4th Ed.) p. 42. "An acre can be a circular, square, triangular, irregular, broad or narrow strip of land." *Ganiats Construction, Inc.* v. *Hesse,* 180 Cal. App. 2d 377, 384, 4 Cal. Rptr. 706. The map was admitted in evidence for the limited purpose of showing the relative positions and sizes of buildings and driveways on the premises in question. The lines drawn on the map delineating distances and directions on four sides were not admitted in evidence. Although the court found the locations of buildings and driveways to be correct, it also found that certain stakes shown thereon were placed there by the surveyor at the direction of the defendant just before the time of trial. The map does not help the defendant in defining the boundaries of the excepted premises.

In the instant case, in construing the option to purchase, it is unnecessary to resort to any secondary rule of construction. We have examined the language of the instrument in its entirety in relation to the finding of facts. The trial court visited the premises and obviously provided the defendant with every opportunity to rebut the claims of the plaintiff. Although here the uncertainty of description concerns what is reserved out of the tract of land to be conveyed, it is nevertheless apparent that, if from a definite whole an indefinite part is excepted, necessarily the remainder is rendered so uncertain that it is impossible to order a conveyance until the indefinite part is ascertained. *Farrell* v. *Bowker,* 278 Pa. 323, 326, 123 A. 305. The descrip-

tion of the excepted parcel in the option to purchase is palpably uncertain and indefinite, and, as a result of this, the general description of the land to be conveyed is uncertain and indefinite. The court's conclusion that these descriptions failed to satisfy the provisions of the Statute of Frauds is correct.

There is no error.

In this opinion the other judges concurred.