[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought this action in eight counts against his aunt, Jane O. Bristol (hereinafter Jane) and cousin, Loren S. Bristol (hereinafter Loren) to determine his interest in certain real property in Canton. The property in question consists of two parcels, No. 91 and No. 105, located on opposite sides of Bahre Corner Road. The plaintiff's father, Richard Bristol, and defendant Jane, each own a one-half undivided interest in the two parcels. The plaintiff claims that he and defendant Jane executed a purchase and sale agreement on July 23, 1987, to convey defendant Jane's interest in "183 Bahre Corner Road" to plaintiff. The plaintiff alleges that this address refers to both Lots 91 and 105. During the same time period, defendant Jane attempted to convey her interest in No. 105 only to her son, the defendant Loren. The plaintiff claims this conveyance was fraudulent.
The parties have filed a stipulation with the court whereby defendants move for summary judgment on the single issue of "whether the written agreement between Jane O. Bristol and William A. Olson, dated July 21, 1987, . . . is unenforceable due to the failure of the writing memorializing the Agreement to satisfy Connecticut General Statutes Section 52-550, the Statute of Frauds." The purpose and effect of this stipulation is to dispose of all issues in all counts except the issue of the enforceability of the Agreement, to which the motion for summary judgment is addressed.
The parties have also stipulated that the court's decision on the motion for summary judgment will be dispositive of the entire case, and that the decision will be nonappealable. The stipulation sets forth the substance of alternative judgments to be entered, depending upon the court's ruling on the defendants' motion. After considering the parties' oral arguments, memoranda of law, affidavits, and other documentary evidence, the court finds the issues in favor of the plaintiff.
"A motion for summary judgment is designed to dispose of actions in which there is no genuine issue of any material fact." Michaud v. Gurney, 168 Conn. 431, 433 (1975). The motion must be supported by appropriate documents, including CT Page 7440 affidavits, certified transcripts of testimony taken under oath, disclosures and written admissions. Conn. Practice Book 380. The summary judgment standard is the same as that for a directed verdict; that is "evidence which a jury would not be at liberty to disbelieve . . . ." Batick v. Seymour, 186 Conn. 632, 647 (1982), quoting Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620 (1944). The moving party has the burden of proving that there is no genuine issue of material fact ; Zapata v. Burns, 207 Conn. 496, 502 (1988); and "must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Batick, 186 Conn. at 647. The moving party is held to a strict standard of showing entitlement to a summary judgment. Kakadelis v. DeFabritis,191 Conn. 276, 282 (1983) (citations omitted). The sole issue before this court is whether the July 21, 1987 agreement between the plaintiff and defendant Jane is unenforceable as a matter of law under the statute of frauds or, instead, whether that agreement raises issues of material fact that must be resolved by the trier of fact. Connecticut General Statutes Section 52-550(a) provides that no agreement for the sale of any interest in real property shall be enforceable unless it "is made in writing and signed by the party . . . to be charged." Considerable judicial gloss has been added to that concise statement of law. In Lynch v. Davis, 181 Conn. 434 (1980), the court stated the general rule as follows:
 The statute requires that all such contracts, in the absence of extenuating circumstances such as part performance or reliance, be evidenced by a written memorandum stating the contract "with such certainty that its essentials can be known from the memorandum itself, without the aid of parol proof . . . and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it so as to furnish evidence of a complete agreement." Id. at 438.
In Pigeon v. Hatheway, 156 Conn. 175 (1968), the court elaborated on this rule. "The description of land contained in a contract of sale or any option to purchase is sufficiently definite to satisfy the requirements of the Statute of Frauds `whenever it is reasonably certain from the contract itself, or can be made certain through reference to record, contract, map or fact, by resort to extraneous evidence thereof, whether oral or written.'" Id. 182 (citations omitted). In a similar vein, pertinent to the precise issues raised in the present case, the Restatement (Second), Contracts, CT Page 7441 section 131, provides that "a contract within the Statute of Frauds is enforceable if it is evidenced by any writing, signed by or on behalf of the party to be charged, which (a) reasonably identifies the subject matter of the contract . . . ." "Subject matter" is then explained: "A memorandum, like a contract, must be read in its context and need not be comprehensible to persons not familiar with the particular type of transaction. Without reference to executory oral promises, the memorandum in context must indicate with reasonable certainty the nature of the transaction and must provide a basis for identifying the land, goods or other subject matter."
The defendants attack the July 21, 1987 agreement on three fronts. First, they contend that the description of the property in the agreement fails to identify it accurately. Secondly, they argue that the agreement fails to identify the precise interest in the property which is purportedly conveyed. Third, they claim that it would be impossible for the court to issue a decree, based on the agreement, which would itself satisfy the requirements of the statute.
The following facts and evidence have been submitted to the court by the parties as indicated. The purchase and sale agreement identifies the property and the interest to be conveyed as "181 Bahre Corner Rd, Canton Ct, 06019 (50% ownership in all land and improvements." A handwritten addendum indicates that there is a house on the property as well as barns, vehicles, equipment and scrap iron. Both parties have submitted this agreement as evidence. The defendants also submit as evidence their affidavits stating that parcels 91 and 105 are separate lots for purposes of tax assessment; that the street address for Lot 91 is 183 Bahre Corner Road; that Lot 105 has no street address; and that, on June 12, 1987 (prior to the Bristol-Olson Agreement) the defendant Jane entered into an agreement to sell Lot 105 to defendant Loren. Defendants also submit an affidavit of the tax assessor of Canton and certified documents which show that Lots 91 and 105 are separate parcels for tax purposes, with only Lot 91 being known as 183 Bahre Corner Road in the records. Also submitted is the purchase agreement between defendants which states that defendant Loren is purchasing from defendant Jane "Parcel #105 BaHRE Corner Rd, Canton, Conn consisting of the Seller's 50% ownership of 52.5 Act including buildings thereon." Plaintiff submits defendant Jane's deposition testimony in which she acknowledges ownership of both Lots 91 and 105 and that, collectively, they once comprised her parents' farm, the address of which was 183 Bahre Corner Road. Plaintiff also submits his own affidavit in which he states that Lots 91 and 105 together CT Page 7442 comprised a family farm which had as its mailing address 183 Bahre Corner Road; that he intended to purchase defendant Jane's interest in the entire tract (Lots 91 and 105) that makes up the farm; that the barns, vehicles, equipment and scrap iron referred to in the Bristol-Olson Agreement are located on Lot 105 while the house is located on Lot 91; that defendants did not tell him about the prior agreement between them; that defendant Jane told plaintiff that defendant Loren "decided he wanted a piece of property" after the Bristol Olson Agreement was signed and that a later property appraisal of both lots supports his contention that his $450,000.00 purchase price offer was intended to be for both lots. Plaintiff also submits the affidavit of his father, Richard Olson, who states that both lots have been known collectively as 183 Bahre Corner Road and that the barns, vehicles, equipment and scrap iron are located on Lot 105. Finally, plaintiff submits deposition testimony of both defendants in which they essentially concede that the vehicles, barns, etc. are on Lot 105.
There is no question that the agreement is ambiguous in that the identification of the property as 183 Bahre Corner Rd" could mean two different things. The agreement does contain, however, sufficient references to extrinsic evidence which would provide a basis for precise identification. It therefore satisfies the threshold requirement of the statute of frauds as enunciated by the court in Pigeon v. Hatheway, supra, at 182. As indicated above, the parties have submitted abundant evidence to supplement the provisions of the agreement and which would permit the trier of the facts to resolve any ambiguity. Since this evidence is conflicting, however, it raises issues of material fact which cannot be decided by summary judgment. Accordingly, the defendants' motion for summary judgment with respect to the identification of the property must fail.
The defendants' argument with respect to the interest of the plaintiff purportedly conveyed by the agreement may not be sustained. Paragraph 2 of the agreement reads, in its entirety, as follows: "Property. Buyer agrees to purchase from Seller, and Seller agrees to sell to Buyer, certain real property known as 183 Bahre Corner Rd, Canton Ct 06019 (50% ownership in all land and improvements)." The defendants claim that the description of the interest to be conveyed is ambiguous in that it could mean fifty percent of defendant Jane's interest rather than fifty percent of the whole. The short answer to that argument is that is not what the plain words say. This court finds nothing ambiguous in the language employed by the parties. The first part of the paragraph describes the property as a whole; the CT Page 7443 second part, in parentheses, describes the interest as "50% ownership" in that property. Whatever ambiguity there might be is readily cured by the undisputed evidence that defendant Jane in fact owned a fifty percent interest in the whole.
The court's rulings on the defendants' claims with respect to the language of the agreement are sufficient to dispose of the third argument concerning an effective decree. Such a decree would necessarily be based upon findings made by the trier of the facts.
For all of the above reasons, the defendants' motion for summary judgment is denied.
MALONEY, J.