PATRICK J. MONTANARO v. VINCENZO PANDOLFINI

BALDWIN, C. J., KING, MURPHY, MELLITZ and ALCORN, Js.

Argued January 4—decided February 21, 1961

*Myron Friedman,* with whom, on the brief, were *Samuel H. Friedman* and *A. R. Friedman,* for the appellant (defendant).

*John Poulos,* with whom was *Daniel Blume,* for the appellee (plaintiff).

MURPHY, J. The plaintiff brought this action for specific performance to compel the defendant to carry out the terms of a written agreement to sell to the plaintiff a ten-family house on Albany Avenue, Hartford, which the defendant owned. The plaintiff also sought damages. The defendant demurred to the complaint on the ground that the agreement did not comply with the requirements of the Statute of Frauds and, more specifically, that the terms of the purchase money mortgage provided for in the agreement were uncertain and indefinite. The trial court overruled the demurrer. Thereupon the defendant filed an answer in which he set up in a special defense his claim as to the interpretation of the agreement. Upon trial, the issues were found for the plaintiff and judgment was rendered in his favor. The defendant has appealed. We shall take up the assignment of error relating to the overruling of the demurrer.

The plaintiff in his complaint alleged the execution by the parties on February 24, 1958, of the agreement, a copy of which was attached to the com-

plaint and marked exhibit A. He alleged also that on May 1, 1958, in accordance with the terms of the agreement, he tendered the balance of the cash payment to the defendant, together with an executed purchase money mortgage in the amount and on the terms specified in the agreement, and demanded a conveyance of the premises. Upon the defendant's refusal to convey, he instituted this suit. It is unnecessary to recite all of the provisions of exhibit A. The parties are named, the property is described, the price is stated and the agreement is signed. Suffice it to say that while the demurrer is addressed to the entire complaint, only the portion of the agreement providing for the purchase money mortgage is under attack. It reads as follows: "By executing purchase money mortgage to Seller in the amount of Eighteen Thousand Dollars ($18,000.00) payably monthly for 15 yrs at 5%. Said mortgage to contain usual clauses for default (30 days) an anticipation clause, etc." The trial court in its memorandum of decision on the demurrer concluded that the agreement provided for the principal of the mortgage to be paid with interest at the rate of 5 per cent in equal monthly instalments for a period of fifteen years and that the contract was definite, certain and not in violation of the Statute of Frauds. General Statutes § 52-550.

That the provision in question is susceptible to at least two interpretations is evidenced by the construction which has been placed upon it by each of the parties. The plaintiff claims that the $18,000, together with interest at the rate of 5 per cent per annum, was payable in successive equal monthly payments of $142.35, starting one month after title passed and continuing over a period of fifteen years. Under this construction, the amount of the total

monthly payment would be constant, but the allocation of it to principal and interest would vary. The allotment to principal would increase progressively each month from $67.35 the first month to $139.74 on the final payment, whereas the allotment to interest would decrease each month from $75 the first month to 58 cents the last month. The defendant claimed that the principal of $18,000 was payable in equal monthly instalments of $100 each for a period of fifteen years with interest on the unpaid balance at the rate of 5 per cent per annum payable monthly. Under this construction, the amount of the total monthly payment would not be constant, though the instalments on the principal would. The interest payments would decrease each month as the unpaid balance of the principal became less.

It is to be noted that the mortgage provision in the agreement does not specify when the monthly payments are to commence, nor does it state the amount of each payment. It does not state that the payments have to be equal in amount, either as to the payments on principal or as to the combined payments on principal and interest. In addition to the constructions placed upon the provision by the parties, it could also be construed as permitting monthly payments in different amounts so long as the payments on principal totaled $18,000 spread over a period of fifteen years, together with interest on the unpaid balance computed at the rate of 5 per cent per annum, payable annually, semiannually, monthly or otherwise.

The defense of the Statute of Frauds may be raised properly by demurrer, and if the demurrer is correctly sustained a useless trial will be avoided. *Rutt* v. *Roche,* 138 Conn. 605, 607, 87 A.2d 805; *Utley* v. *Nolan,* 134 Conn. 376, 377, 58 A.2d 9. Where

a demurrer is overruled and the case goes to final judgment, the ruling on the demurrer may be claimed as error, since an erroneous ruling on a demurrer is a proper subject of review. *Hunter's Appeal,* 71 Conn. 189, 198, 41 A. 557; Maltbie, Conn. App. Proc. § 65. From *Nichols* v. *Johnson,* 10 Conn. 192, through *Garre* v. *Geryk,* 145 Conn. 669, 145 A.2d 829, we have had occasion to review numerous cases in which it has been maintained that a written agreement for the sale of real estate was not enforceable because it did not conform to the requirements established under the Statute of Frauds. We have uniformly held that such an agreement must state the contract with such certainty that its essentials can be known from the memorandum itself, without the aid of parol proof, or from a reference contained therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement. In *Sullivan* v. *Ladden,* 101 Conn. 166, 168, 125 A. 250, we held that a written agreement which provided for a purchase money mortgage but did not specify the length of time it was to run failed to satisfy the Statute of Frauds. In *Gendelman* v. *Mongillo,* 96 Conn. 541, 545, 114 A. 914, the sufficiency of the memorandum so far as it related to the purchase money mortgage was in issue, and it was held that it was impossible from the memorandum to determine with any degree of certainty what the parties intended as to the method and terms of payment and that the memorandum did not meet the statutory requirements. With respect to a lease, we said in *Handy* v. *Barclay,* 98 Conn. 290, 296, 119 A. 227, that a definite contract of lease must contain, besides the names of the parties,

a description of the property let, the term of the lease, the amount of the rent and the terms of payment of the rent.

All of the material terms and conditions of the contract must be embodied in the written agreement in order to satisfy the statute. *Barrett Mfg. Co.* v. *D'Ambrosio,* 90 Conn. 192, 199, 96 A. 930; Restatement, 1 Contracts § 207(3). All of the terms and conditions of payment of the principal sum of the mortgage over the period of fifteen years during which it was to run should have been set out in the agreement in the instant case. Otherwise, parol evidence would be required to establish the undertaking of the parties. The agreement, so far as the provision relating to the purchase money mortgage is concerned, fails to meet the requirements of the statute. It is ambiguous, indefinite and uncertain. The demurrer to the complaint should have been sustained.

There is error, the judgment is set aside and the case is remanded with direction to sustain the demurrer.

In this opinion the other judges concurred.