JOHN J. LYNCH *v.* CLASSIE DAVIS

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued May 8—decision released July 1, 1980

*Douglas S. Ebenstein,* for the appellant (defendant).

*Robert F. Stengel,* for the appellee (plaintiff).

PETERS, J. The sole issue on this appeal is the validity of a bond for deed under the statute of frauds. The plaintiff, John J. Lynch, the owner of the property, brought an action for a judgment declaring the rights to the property. He asked that the bond for deed be declared invalid and sought monetary damages and an injunction to require the defendant, Classie Davis, to release the bond for deed. The defendant by answer, special defense and counterclaim, alleged that the plaintiff had failed to comply with certain representations in the deed concerning the physical condition of the property. The defendant asked for specific performance of the bond for deed, with a financial allowance to compensate for alleged defects in the property. The trial court rendered a judgment that the bond for deed was invalid and the defendant has appealed.

By agreement of counsel, the issues before the trial court were limited to three specific questions concerning the validity of the bond for deed under

the statute of frauds, General Statutes § 52-550.[1] The parties agreed to postpone to a future time the remedial consequences that would flow from a determination that the statute had been satisfied. We therefore do not address, at this time, any question relating to the possible unenforceability of the bond for deed on grounds of unconscionability, or other considerations of an equitable nature, to which the plaintiff has interstitially adverted on this appeal.[2]

The trial court, in accordance with the stipulation of the parties, did not consider the underlying claims of the parties disputing which of them had failed to perform pursuant to the bond for deed. The court ascertained that the bond for deed was an agreement for the sale of real property and hence within the ambit of the statute of frauds. That conclusion is not now challenged by either party. The court then determined that the agree-

---

[1] Section 52-550 provides: "STATUTE OF FRAUDS; WRITTEN AGREEMENT OR MEMORANDUM. No civil action shall be maintained upon any agreement, whereby to charge any executor or administrator, upon a special promise to answer damages out of his own estate, or against any person upon any special promise to answer for the debt, default or miscarriage of another or upon any agreement made upon consideration of marriage or upon any agreement for the sale of real estate or any interest in or concerning it or upon any agreement that is not to be performed within one year from the making thereof, unless such agreement, or some memorandum thereof, is made in writing and signed by the party to be charged therewith or his agent; but this section shall not apply to parol agreements for hiring or leasing real estate, or any interest therein, for one year or less, in pursuance of which the leased premises have been or are actually occupied by the lessee, or any person claiming under him, during any part of such term."

[2] It is not contested that the plaintiff was 77 years of age when the agreement was signed by which he sold the property taking back a purchase money mortgage. The bond for deed was drafted by the defendant's attorney and signed in the office of the defendant's attorney; the plaintiff was not then represented by counsel.

ment met the requirements of the statute in two respects but failed to comply in one respect. As to the plaintiff's claims that the agreement was invalid because of vagueness and uncertainty concerning the description of the premises and assumption of the sewer lien, the court found for the defendant. Since the plaintiff has filed neither a cross appeal; Practice Book, 1978, § 3003; nor a preliminary statement of issues; Practice Book, 1978, § 3012 (a) ; contesting these adverse rulings, these conclusions of the trial court are not now subject to review in this court. The only matter properly before us is the trial court's adjudication of the plaintiff's third claim, that the agreement was defective under the statute of frauds because of uncertainty and indefiniteness in the terms of the agreement concerning the purchase money mortgage.

The provisions of the bond for deed that pertain to the purchase money mortgage are the following: Paragraph 3 of the agreement states: "The SELLER will take back a $65,000.00 purchase money mortgage deed and note with interest at 8% per annum payable in three hundred (300) equal monthly installments of $501.69 per month. The first payment will be one month after the date of closing.[3] Said purchase money mortgage deed and note shall contain the usual provisions found in State of Connecticut purchase money mortgage deeds and notes and will include, but not limited to, attorney's fees in the event of default, the right of the holder of the note to accelerate payment." Paragraph 4 of the agreement states: "If default

---

[3] The date of the closing was stipulated in paragraph 5 of the agreement to take place on or before October 16, 1978.

is made in any payment for the period of thirty (30) days, the holder of this note has the right to demand the entire amount due."

In its interpretation of this language, the trial court concluded that the agreement's specific provisions spelled out, with sufficient definiteness, all the essential terms of the purchase money mortgage. This essential certainty was, however, undermined, in the eyes of the court, by the indefiniteness of the reference to the usual Connecticut provisions for purchase money mortgage deeds. The defendant presented no evidence whatsoever at the trial to establish the terms of this reference. The court found, as a fact, that there is no standard Connecticut purchase money mortgage enforced by statute or recognized by case law. In light of the uncertainty thus created, the court concluded that the agreement as a whole was fatally indefinite.

The test that governs the validity of written agreements for the sale of real property under the statute of frauds is not at issue. The statute requires that all such contracts, in the absence of extenuating circumstances such as part performance or reliance, be evidenced by a written memorandum stating the contract "with such certainty that its essentials can be known from the memorandum itself, without the aid of parol proof . . . and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement." *Montanaro* v. *Pandolfini,* 148 Conn. 153, 157, 168 A.2d 550 (1961); *Botticello* v. *Stefanovicz,* 177 Conn. 22, 31, 411 A.2d 16 (1979); *Santoro* v. *Mack,* 108 Conn. 683, 687–88, 145 A. 273 (1929). Our statute does not require that the memorandum of the

contract be the contract itself; *Handy* v. *Barclay,* 98 Conn. 290, 295, 119 A. 227 (1922); instead, it is sufficient if the memorandum, with reasonable certainty, furnishes reliable evidence that the parties have come to a complete agreement. A memorandum is insufficient if it fails to specify the terms of payment of any part of the purchase price; *Marsico* v. *Kessler,* 149 Conn. 236, 238, 178 A.2d 154 (1962); *Montanaro* v. *Pandolfini,* supra, 158; *Garre* v. *Geryk,* 145 Conn. 669, 674, 145 A.2d 829 (1958); *Santoro* v. *Mack,* supra, 688–89; *Gendelman* v. *Mongillo,* 96 Conn. 541, 546, 114 A. 914 (1921); or lacks other essential terms concerning performance contemplated by the contract. *East Haven* v. *New Haven,* 159 Conn. 453, 461–62, 271 A.2d 110 (1970). See Restatement (Second), Contracts § 207 (Tentative Draft 1973).[4]

The parties' disagreement at this stage in the proceedings is therefore a narrow one. The written bond for deed adequately described, in reasonable detail, the property to be sold, the parties to the sale, and the terms of payment. The purchase money mortgage, on which the trial court based its conclusion that the statute of frauds had not been satisfied, was in and of itself sufficiently detailed, for it spelled out the total amount of the mortgage, the rate of interest to be paid, the amount of each monthly payment, and the date on which mortgage

---

[4] Restatement (Second), Contracts § 207 (Tentative Draft 1973) provides: "GENERAL REQUISITES OF A MEMORANDUM. Unless additional requirements are prescribed by the particular statute, a contract within the Statute of Frauds is enforceable if it is evidenced by any writing, signed by or on behalf of the party to be charged, which (a) reasonably identifies the subject matter of the contract, (b) is sufficient to indicate that a contract with respect thereto has been made between the parties or offered by the signer to the other party, and (c) states with reasonable certainty the essential terms of the unperformed promises in the contract."

payments were to commence. The court concluded that none of the essential terms of the agreement as a whole or the purchase money mortgage in particular had been left uncertain. The court based its decision nonetheless to disallow the memorandum, despite its certainty as to the essentials of the parties' agreement, on the reference to "the usual provisions found in State of Connecticut purchase money mortgage deeds and notes." Although this language was found not to be essential to a complete agreement, the court found that the cross-reference left uncertain nonessential terms which might possibly have an impact upon default, upon penalties for late payment, and upon the obligation to procure insurance. It is clear that the court would have held the bond for deed enforceable but for its nonessential reference to nonessential terms in nonexistent usual provisions in state of Connecticut purchase money notes. The defendant maintains that the court was in error in allowing the possible impact of unessential terms to invalidate a written memorandum that states the essential terms of a contract with reasonable certainty. We agree.

It is important to recognize that our statute of frauds explicitly permits an action to be brought "upon any agreement for the sale of real estate" if "such agreement, *or some memorandum thereof,* is made in writing and signed by the party to be charged . . . ." (Emphasis added.) General Statutes § 52-550. As we have repeatedly held, in the cases cited supra, a memorandum is sufficient, even though it does not recite the underlying contract in its entirety, if it provides reliable written evidence that the parties have come to a complete agreement. The function of the statute is evidentiary, to prevent enforcement through fraud or perjury of con-

tracts never in fact made. See 2 Corbin, Contracts § 498, esp. at pp. 680–81 (1950); 4 Williston, Contracts § 567A, esp. at p. 20 (3d Ed. 1961); Restatement (Second), Contracts § 207, comment c (Tentative Draft 1973). That function is adequately served by a writing stating, with reasonable accuracy, the essential terms of the agreement.[5]

The record in this case, sparse as it is, illustrates the wisdom of restricting spurious reliance on the statute of frauds. The plaintiff's original complaint did not allege any failure of the parties to agree but sought damages from the defendant because of her alleged failure to perform her obligations under the bond for deed. Only when the defendant's answer and counterclaim put the plaintiff's own performance in issue did the plaintiff suggest that the bond for deed did not conform to the statute of frauds. From the pleadings, it would appear that the parties' disputes about performance relate to matters entirely independent of the terms of the purchase money mortgage. The parties' own conduct thus reenforces our conclusion that the bond for deed stated, with reasonable certainty, the essential terms of the contract between them.

There is error, the judgment is set aside, and the case is remanded for further proceedings consistent herewith.

In this opinion the other judges concurred.

---

[5] A memorandum under the statute of frauds, because it serves a purpose different than that of an integrated writing invoking the parol evidence rule, does not exclude the introduction of consistent additional nonessential parol terms. Calamari & Perillo, Contracts, p. 715 (2d Ed. 1977).