LOUIS A. CARTA *v.* MICHAEL MARINO ET AL.
(5640)

BORDEN, O'CONNELL and STOUGHTON, Js.

Argued January 6—decision released March 22, 1988

*James F. Ripper,* with whom was *Frederick M. Vollono,* for the appellant (plaintiff).

*Lester Katz,* with whom, on the brief, was *Steven L. Seligman,* for the appellee (defendant Salvatore Mazzotta).

*H. Valentine Holz,* for the appellee (named defendant).

STOUGHTON, J. The plaintiff appeals from a summary judgment in favor of the defendant Salvatore Mazzotta. We find no error.

The plaintiff and the named defendant, Michael Marino, entered into an agreement under which the plaintiff was to purchase from Marino certain real property in Middletown. The agreement provided for payment of the purchase price of $100,000 as follows: "(1) $5000 deposit paid herewith, receipt whereof is acknowledged, the same to be held in escrow by Buyer's attorney; (2) the balance, to wit, $95,000 to be paid as follows: (a) $55,000 by cash, bank or certified check at the closing on transfer of title; (b) the sum of forty thousand ($40,000) dollars shall be payable by a purchase money mortgage and deed from the Buyer to the Seller secured by the premises described in Exhibit A. Interest shall accrue on the unpaid principal balance remaining on said mortgage note at the rate of ten (10%) percent per annum and payments thereon shall commence ninety (90) days after the date of the promissory note and be payable monthly thereafter until two (2) years following the date of said note at which point the remaining principal together with accrued interest shall be due and payable in full. Said mortgage note and deed shall contain a provision permitting the

release of said mortgaged premises or approved building lots therefrom on payment of a lot release amount determined by dividing a number one less than the number of approved building lots into $40,000. Said mortgage note and deed shall contain provisions typical to said instruments including the requirement to subordinate the lien of said mortgage to a Land Development loan in an amount not in excess of $140,000.00"

On July 9, 1984, Marino conveyed the real property to the defendant Salvatore A. Mazzotta.

The plaintiff instituted this action, claiming that Marino breached his contract and that Mazzotta knowingly and maliciously interfered with the contract between the plaintiff and Marino. He sought damages, that the conveyance to Mazzotta be set aside, that Marino be directed specifically to perform the contract with him, and such other relief as the court deemed proper. After the pleadings had been closed, Mazzotta moved for summary judgment upon the ground that the contract failed to comply with the requirements of the statute of frauds, General Statutes § 52-550,[1] and therefore was unenforceable. The trial court granted the motion and rendered judgment in favor of Mazzotta.

---

[1] "[General Statutes] Sec. 52-550. STATUTE OF FRAUDS; WRITTEN AGREEMENT OR MEMORANDUM. (a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: (1) Upon any agreement to charge any executor or administrator, upon a special promise to answer damages out of his own property; (2) against any person upon any special promise to answer for the debt, default or miscarriage of another; (3) upon any agreement made upon consideration of marriage; (4) upon any agreement for the sale of real property or any interest in or concerning real property; or (5) upon any agreement that is not to be performed within one year from the making thereof.

"(b) This section shall not apply to parol agreements for hiring or leasing real property, or any interest therein, for one year or less, in pursuance of which the leased premises have been or are actually occupied by the lessee, or any person claiming under him, during any part of the term."

The plaintiff appeals, claiming that the trial court erred in granting the motion for summary judgment.

Summary judgment should be rendered if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. See *DiMaggio* v. *Makover*, 13 Conn. App. 321, 536 A.2d 595 (1988). The written agreement between the plaintiff and Marino was attached to and made a part of the complaint and no affidavits or other proof were submitted to the court. Since there was no issue of fact, the question was simply whether as a matter of law summary judgment should enter.

In order to satisfy the statute of frauds, an agreement must state the contract with such certainty that its essentials can be known from the memorandum itself, without the aid of parol proof, or from a reference contained therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement. *Montanaro* v. *Pandolfini,* 148 Conn. 153, 157, 168 A.2d 550 (1961). Mazzotta claimed that the agreement did not satisfy the statute of frauds because the section concerning the purchase price did not specify a specific monthly amount, nor did it clearly state whether the payment was to be all interest, interest or principal, equal or unequal, or based upon amortization. The trial court agreed, as do we.

All of the terms and conditions of payment of the principal sum of the mortgage over the period during which it was to run should have been set out in the agreement so that parol evidence would not be required to establish the undertaking of the parties. *Montanaro* v. *Pandolfini,* supra, 158. The contract is insufficient

if it fails to specify the terms of payment of any part of the purchase price. *Lynch* v. *Davis,* 181 Conn. 434, 439, 435 A.2d 977 (1980).

It is not possible to know from the quoted section of the agreement the amount of each monthly payment, or whether the payments are to be of interest only or interest and principal. The defendants claim that the agreement might be said to contemplate a first payment for ninety days' interest or no payment for ninety days and then interest for two years payable in twenty-one payments, and that it is ambiguous as to whether the monthly payments include principal. The plaintiff maintains that the agreement is clear and that the payments are to be of interest, to commence ninety days after the signing of the note and end two years later when the entire remaining principal and interest become due, and that payments during the two year period are made monthly. He points to the provision permitting release of approved building lots to account for a final payment of "remaining principal and accrued interest." "That the provision in question is susceptible to at least two interpretations is evidenced by the construction which has been placed upon it by each of the parties." *Montanaro* v. *Pandolfini,* supra, 155.

There is no error.

In this opinion the other judges concurred.