JAMES W. TURNER *v.* WENDELL L. HOBSON ET AL.
(6076)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued April 12—decision released September 13, 1988

*Joshua A. Winnick,* with whom was *John J. Resnick,* for the appellant (plaintiff).

*Gary B. O'Connor,* for the appellees (defendants).

O'CONNELL, J. The plaintiff appeals from the trial court's grant of the defendants' motion for summary judgment, in an action for specific performance of a real estate sales contract. The plaintiff contends that the trial court erred (1) in failing to apply the legal presumption that, in the absence of express terms, the balance due on the contract is payable in cash at the time of closing, and (2) in finding that no issue of material fact existed. We find no error.

The following facts are relevant to the disposition of this appeal. On November 27, 1985, the plaintiff buyer and the defendant sellers entered into a purchase and sale agreement for a ninety-four acre parcel of land in Watertown. The purchase price was listed in the agreement as $515,000 if the closing occurred on or before October 1, 1986, and $535,000 if the closing took place between October 1, 1986, and July 2, 1987. The plaintiff buyer deposited $1000 with the defendant sellers' real estate broker, and was required to deposit an additional 10 percent of the purchase price two months prior to closing. The agreement further provided that "financing [was] to be mutually agreed upon between buyer and seller." No further terms regarding financing were contained in the contract.

By letter dated May 22, 1986, the defendant sellers proposed financing terms to the plaintiff buyer. The plaintiff rejected these terms in writing, and indicated that he intended to pay cash for the property at the time of closing. The defendant sellers then notified the plaintiff buyer that they were terminating the contract. The plaintiff thereafter commenced this action seeking specific performance of the purchase and sale agreement. The trial court granted the defendants' motion for summary judgment, holding that the purchase and sale agreement did not satisfy the statute of frauds.[1]

The plaintiff first claims that the trial court erred in failing to apply a presumption that the balance due on a real estate contract would be paid in cash at closing, when the parties had failed to agree upon terms of payment at the time the contract was signed. Such presumption, if applied here, would allow the contract to be specifically enforced. We agree with the trial court's refusal to apply this presumption.

"In order to satisfy the statute of frauds, an agreement must state the contract with such certainty that its essentials can be known from the memorandum itself, without the aid of parol proof, or from a reference contained therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement. *Montanaro* v. *Pandolfini*, 148 Conn. 153, 157, 168 A.2d 550 (1961)." *Carta* v. *Marino*, 13 Conn. App. 677, 680, 538 A.2d 1091 (1988). The statute of frauds does not require that the memorandum constitute the contract

---

[1] General Statutes § 52-550 provides in pertinent part: "STATUTE OF FRAUDS; WRITTEN AGREEMENT OR MEMORANDUM. (a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property . . . . "

itself; all that is required is that the memorandum furnish with reasonable certainty, evidence that the parties have come to a complete agreement. *Lynch* v. *Davis,* 181 Conn. 434, 438–39, 435 A.2d 977 (1980).

The resolution of this appeal hinges upon the characterization of the facts, because the presumption that payment in cash was intended arises only "where no method of payment has in fact been agreed upon by the parties. The presumption rests rather upon the failure to agree than upon the failure to state what was agreed." *Santoro* v. *Mack,* 108 Conn. 683, 689, 145 A. 273 (1929).

We uphold the trial court's ruling. First, an examination of the agreement discloses that it appears that the parties contemplated a purchase money mortgage as the method of payment of at least part of the balance. The parties drew two lines through the blank spaces in the contract adjacent to the words "cash or certified check at time of closing." Such a marking, in conjunction with the addition to the printed form of the words "financing to be mutually agreed upon between buyer and seller," indicates that the parties did not contemplate cash payment of the balance due. If the balance were to be paid in cash or by a mortgage to be held by a third party, there would be no need to provide for a *mutual agreement* between the buyer and seller as to financing. The plaintiff cannot now seek to override the expressed terms agreed to by the parties to facilitate his own ends. Cf. *Botticello* v. *Stefanovicz,* 177 Conn. 22, 31, 411 A.2d 16 (1979).

In stating that financing was to be mutually agreed upon by the parties, but failing to state in the memorandum what the terms of the financing were, the contract lacked essential terms and was therefore unenforceable. "A memorandum is insufficient if it fails

to specify the terms of payment of any part of the purchase price . . . ." *Lynch* v. *Davis,* supra, 439 and cases cited therein.

Since cash would not be paid at closing, and since the parties contemplated a purchase money mortgage, the contract precludes the operation of the legal presumption of cash payment. That presumption only arises when no method of payment is prescribed by the parties. Here, the method of payment is known but the precise terms of that method of payment were left to a future agreement. When the terms of a purchase money mortgage are not known, the statute of frauds prevents enforcement of the contract. *Lynch* v. *Davis,* supra, 438–39; *Carta* v. *Marino,* supra. Consequently, absent the essential element of terms of payment, the agreement was not enforceable under the statute of frauds.

In his second claim of error, the plaintiff contends that the trial court erred in granting the defendants' motion for summary judgment, because a genuine issue of material fact existed which precluded the trial court's action. We will not review this claim, as the plaintiff failed to raise it during the trial court proceedings on the motion. In fact, the plaintiff not only failed to suggest that there was a genuine issue of material fact, but filed his own cross motion for summary judgment stating therein that "there is no material fact outstanding."[2] We will not review claims raised for the first time on appeal. *State* v. *Reddick,* 15 Conn. App. 342, 354–55, 545 A.2d 1109 (1988).

There is no error.

In this opinion the other judges concurred.

---

[2] The plaintiff's cross motion for summary judgment was denied by the trial court in the same memorandum of decision that granted the defendants' motion.