[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff brings this action to compel specific performance by the defendant under an alleged agreement to sell the plaintiff certain real property in Burlington. The only issue raised by this motion is whether the written agreement satisfies the requirements of the statute of frauds, C.G.S. 52-550. Both parties agree that statute applies.
The agreement attached as an exhibit to the complaint is the most complete of several versions. The court bases its decision on that version because it is most favorable to the plaintiff's case. Excluding some extraneous provisions about possible future transactions between the parties, the agreement reads as follows:
 I, Morris B. Hogan have accepted a $500 deposit from Rosalind Fox, for conveyance of the land on Johnnycake Mountain Road, third field on the east side of the road, heading south. The portion of this field that will be conveyed to Ms. Fox, extends from the boundary line of the hayfield north of it (where the gully lies), and extends to the end of the large tree which is approximately 70 paces away.
 East to West, the property line of Ms. Fox's lot will extend from the roadside on Johnnycake Mountain Road up to and including a portion of the woods. The portion of the woods beginning at the brush line included in this conveyance is 100 feet.
 The sum to be paid to me for this conveyance will be no more than $5000. I warrant I can deliver this title free and clear to Rosalind Fox, whose deposit I received.
Connecticut General Statutes Section 52-550 (a) provides that no agreement for the sale of any interest in real property shall be enforceable unless it "is made in writing and signed by the party . . . to be charged." Considerable judicial gloss has been added to that concise statement of law. In Lynch v. Davis, 181 Conn. 434 (1980), the court stated the general rule as follows:
The statute requires that all such contracts, CT Page 2226 in the absence of extenuating circumstances such as part performance of reliance, be evidenced by a written memorandum stating the contract "with such certainty that its essentials can be known from the memorandum itself, without the aid of parol proof . . . and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it so as to furnish evidence of a complete agreement." Id. at 438.
The agreement sought to be enforced against the defendant in this case utterly fails to satisfy the statute because essential terms of the agreement are either omitted entirely or set forth so ambiguously as to render them meaningless. First, there is no mention of any date when the agreement is to be performed. Second, the consideration for the sale, expressed as "no more than $5000," gives no indication of the amount the parties actually agreed (if they did) would be the purchase price. Finally, the description of the property is not "reasonably certain" from the contract itself, or can be made certain through reference to record, contract, map or fact, by resort to extraneous evidence thereof, whether oral or written." See Pigeon v. Hatheway, 156 Conn. 175 (1968).
Since the agreement does not comply with the statute, it is unenforceable. Accordingly, summary judgment must enter for the defendant.
Maloney, J.