[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, a real estate brokerage firm, has instituted suit against the defendant real property owners or a real estate commission on the basis of having produced a buyer ready, willing and able to purchase the defendants' premises. The facts are that the defendants gave the plaintiff an exclusive right to sell their property, the term of which ran from February 8, 1989 to March 5, 1989 for the sum of $1,300,000.00 dollars. The right to sell drawn by the plaintiff's agent was sent by fax machine to the defendant Axel Stawski's New York office and he wrote on the instrument a change of termination date to March 5, 1989 and added the words "and he actually closes title on the property" to the paragraph entitled "Payment of Commission or Fee". He also ruled out on the form a multiple listing, placement of a lock box on the premises and oral offers. The defendants both signed the faxed copy and returned it to the plaintiff. The plaintiff thereafter secured a buyer, one Jeffrey Stein, who signed an offer of purchase of the premises which was prepared by the plaintiff, and delivered a check of $13,000 as a deposit. Stein was anxious to take possession of the premises and changed the closing date of July 1, 1989 inserted by the plaintiff to June 1, 1989. The offer was faxed to Stawski's office who with his wife signed it and returned it to the plaintiff, however he changed the closing date to July 1, 1989. Thereafter by letter dated February 16, 1989 the defendant Axel Stawski wrote the plaintiff that the binder was returned with changes and he desired by February 17th the purchaser's indication of acceptance of those changes. In the meantime Stein's attorney Phillip Anderson was in contact with Dr. Stawski and had several telephone conversations with him beginning on February 15, 1989, about the closing date of title. On March 2d 1989 Anderson orally told Dr. Stawski that Stein was agreeable to the July 1, 1989 date. Stawski then told him he would use Attorney Lipson for the closing and Anderson thereafter spoke to Lipson who said he would be preparing the contract and Anderson sent him a copy of the binder. On February 28th or March 1st, Stein by phone agreed directly with Axel Stawski to the closing date of July 1. The June 1 closing date which Stein inserted into the offer to purchase was CT Page 6855 actually written by the plaintiff's employee Eagan and initialed by her, Stein having authorized her to do so. On March 6, 1989, Axel Stawski wrote the plaintiff ". . . as we had been unable to come to an agreement on the conditions of sale" that they should return the key. That request came after all the conditions of the binder had been agreed upon by Lili and Axel Stawski, Stein and his attorney Anderson. The plaintiff returned the key, a contract was never prepared, nor was title closed and Stein bought other premises. Stawski admits to the listing agreement with the plaintiff agency for one weeks duration that he extended the termination date of the listing to March 5, 1989 and that he made several changes in that agreement which he forwarded to the plaintiff. The Stawskis feel they owe no commission to the plaintiff because no contract was ever drawn and the requirement of the plaintiff's exclusive right to sell contains a change that he inserted ". . . and he actually closes title on the property", which never occurred.
In their brief the defendants raise the issue of a failure to comply with 20-325a C.G.S. in that the listing agreement was never signed by a licensed real estate broker. In fact it was signed by a licensed real estate broker and in addition the defendants in their pleadings did not raise that issue. In fact their answer admits paragraph 3 of the complaint which alleges the listing agreement. The issues raised in the defendants' brief with respect to the listing agreement will be disregarded by the court, since they are admitted albeit not pleaded. The defendants also raise the issue that the binder signed by One Peet on Stein's behalf was not authorized. The evidence discloses that Peet was in fact duly authorized.
The first issue to be decided is whether or not a valid binder between Stein and the Stawski's existed which was enforceable. When the Stawski's returned the signed faxed agreement to the plaintiff, they had made the changes in the binder hereinbefore noted. Stein changed the Stawski's closing date of July 1, 1989 to June 1, 1989. This constituted a new offer to purchase which was refused when the Stawskis returned the faxed binder agreement with the date again changed to July 1, 1989 which was the original binder date. That counter offer of the Stawski's was accepted by Stein himself in a telephone conversation with Dr. Stawski and also by Stein's attorney Anderson in a telephone conversation with Dr. Stawski. The final acceptance of the written binder was oral by both Stein and Attorney Anderson, however the binder agreement was in writing as required by the listing agreement and the fact that agreement to all its terms was oral does not affect its validity. An oral agreement to sell real estate is unenforceable under the statute of frauds 52-550 C.G.S. Hieble v. Hieble, 164 Conn. 56, 59; Anderson v. Zweigbaum, CT Page 6856150 Conn. 748; Heyman v. CBS, Inc., 178 Conn. 215, 221; Lynch v. Davis, 181 Conn. 434, 438. The oral communication to Dr. Stawski by Stein and his attorney indicated their complete assent to Stawski's written counter offer. ". . . in order to form a contract generally there must be a bargain in which there is a manifestation of mutual assent to the exchange between two or more parties;. . . `The manifestation of assent may be made wholly or partially by written or spoken words or by other acts or by a failure to act . . . ." Ubysz v. Dipietro, 185 Conn. 47,51; Bridgeport Pipe Engineering Co. v. De Matteo Construction Co., 159 Conn. 242, 246. Dr. Stawski indicated his assent to a valid binder by his telephone conversations with Stein and Attorney Anderson, who indicated Stein's assent to the binder to Stawski. In fact Stawski further indicated his assent by stating to Attorney Anderson his intention to use Attorney Lipson. The defendants use of Breen v. Phelps, 186 Conn. 86 is misplaced since there not all of the essential terms of the contract were in writing, while in the instant case all the terms were in the written binder. The court's finding of fact is based on the credibility of the plaintiff's witnesses and the lack of credibility on the part of Dr. Stawski.
The defendants next raise the issue that the binder itself was not specific enough to comply with the Statute of Frauds; Montanaro v. Pandolfini, 148 Conn. 153; in that it does not determine how the purchase price was to be paid. The binder recites that the signer "submits an offer of $1,300,000 subject to obtaining a mortgage loan of $500,000 at prevailing rates for a period of years, within 21 working days". The offer is specific enough to indicate a $800,000 cash payment and a specific mortgage loan of $500,000 with the interest rate and term spelled out. The defendants' reliance on Turner v. Hobson,16 Conn. App. 240, 243 is misplaced since there the payment terms were "financing mutually agreed upon between buyer and seller". Carta v. Marino, 13 Conn. App. 677, also relied on by the defendants was decided again upon the details of the mortgage not being spelled out with the degree of specificity found in the instant case. (The defendants mis-cite the case as Brochu v. Brochu). "In order to satisfy the Statute of frauds, an agreement must state the contract with such certainty that it essentials can be known from the memorandum itself without the aid of parol proof of from a reference contained therein to some other writing or thing certain and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement. Carta v. Marino, supra 680. The binder stated specifically and with such certainty that the essentials were known 1) the subject of the sale "79 Coleytown Rd, Westport, CT owned by Stawski Axel and Lili" (not put in issue by the defendants); 2) the terms $1,300,000 sales price. . . Obtaining a CT Page 6857 mortgage loan of $500,000 at prevailing rates, for 30 years within 21 working days", 3) "closing to be on or before July 1, 1989" 4) "satisfactory report of builder's, termite, radon, pool, well inspection on or before 5 working days"; 5) "Contracts to be signed by buyer on or before 10 working days from acceptance". The binder met the requirements of the Statute of Frauds. The issue raised by the defendants that Lili Stawski was not a party to the oral agreement does not avail them. She signed the binder with the July 1, 1989 date on it and the oral communication to Axel Stawski of the buyers acceptance of that date was sufficient to bind her, and it was the same binder she initially accepted. See Cavallo v. Veurs [Lewis],1 Conn. App. 519, 520.
The next issue raised by the defendants was that the Stein offer was contingent on a formal written contract which the binder stated. "Certainly a defendant who has wrongfully prevented the other party from completing performance cannot set up the nonperformance of the other as a defense." Burns v. Gould,172 Conn. 210, 221. See Vesee v. Lee, 185 Conn. 328, 334. Robert Lawrence Associates, Inc. v. Del Vecchio, 178 Conn. 1,22. The defendants on March 6, 1989 by their letter to the plaintiff put an end to the listing and in effect stated they would not go further with the sale of their property to Stein thus preventing Stein from fulfilling all the remaining requirements of the binder within the time limits stated therein. Any compliance by Stein of the securing of a $500,000 mortgage loan on the conditions stated in the binder, the signing of a formal contract, and all the remaining requirements of the binder were rendered futile by the defendants' letter and Stein was therefore excused from fulfilling the remaining requirements of the binder. The plaintiff had produced an enforceable binder or contract, for the sale of the property, between the Stawskis as sellers and Stein as the buyer which entitled it to a commission. Walsh v. Turlick, 164 Conn. 75,80. The binder contained a complete agreement sufficient to satisfy the Statute of Frauds. The only oral statement was agreement to its terms which indicated assent to the writing Ubysz v. Dipietro, supra 51.
The defendants have briefed the issue of part performance as an exception to the Statute of Frauds, however the plaintiff has not raised that issue in its brief and it is deemed abandoned. In addition thereto the substantial performance required to remove the contract from the Statute is not present herein. The defendants raise another issue that the listing agreement requires that the property be "sold" as meaning a "completed transaction" during the period of the listing. The court has found that the binder was a valid agreement for the sale of the premises and it finds that a valid agreement having CT Page 6858 been reached by the parties, the property was sold. In addition the defendants cancellation of the listing and therefore the binder made it impossible for the premises to be "sold" if the defendants contention that sold means a completed transaction, is the correct interpretation of the word. See Burns v. Gould, supra at 221.
The court finds that the plaintiff has produced a customer ready able and willing to purchase the defendants' premises on terms agreeable to the defendants.
The plaintiff is entitled to recover a commission of 5% of $1,300,000, $65,000 together with statutory interest from March 6, 1989 to the date hereof, together with costs. Judgment may enter accordingly.
LEVINE, STATE TRIAL REFEREE