[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: PREJUDGMENT REMEDY
Plaintiff seeks a prejudgment remedy on a five count complaint alleging:
1. Specific Performance;
2. Bad Check;
3. Liquidated Damages;
4. Breach of Contract;
5. Breach of Covenant of Good Faith. CT Page 5390
The "Bad Check" count speaks in the language of misrepresentation and reliance. Although plaintiff may have relied on defendant Sandra Brown's representation that the deposit check of $145,000.00 was "good," the court perceives no damages to plaintiff apart from breach of contract damages. First the check was only a deposit which plaintiff would have been obligated to return in full under the contract if the premises were destroyed by fire before closing or if plaintiff were unable to deliver good title. Plaintiff, in essence, wrote checks to pay its obligations relying on the deposit check which was initially dishonored. Thereafter defendant stopped payment and plaintiff commenced this action.
The remaining counts are contract damage claims to which defendants interpose two basic defenses:
1. Defendant Sandra Benson "terminated" the contract by stopping payment of the deposit check, leaving the agreement without consideration and making it invalid as a contract.
2. The agreement is unenforceable under the statute of frauds as the purchase money mortgage clause is not definite enough.
The first defense requires little discussion. The evidence clearly shows that Sandra Benson entered into the contract, later changed her mind and stopped payment on the deposit check after the contract had been signed by all parties. She had no power to "terminate" by withdrawing the "consideration." The principal case relied on by the defendant, Klein v. Chatfield, 166 Conn. 76 (1974) stands only for the well known principle of contract law that an offer can be withdrawn before its acceptance is communicated. Here the offer had been accepted and the deposit check given to the plaintiff seller before defendant's attempt to "terminate." A contract was in effect and binding on the parties at the time Sandra Benson stopped the check and repudiated the contract.
Defendants rely on Carta v. Marino, 13 Conn. App. 677
(1988) for their claim that the statute of frauds makes this contract unenforceable. In Carta the called for monthly payments could not be computed from the contract terms. Here the purchase money mortgage terms are sufficiently stated to CT Page 5391 make those terms clear and definite. The maximum amount of the mortgage was $750,000.00 to be reduced only by the amount of financing obtained by defendants in excess of $500,000.00. The total amount of the mortgage was easily ascertainable and within the control of the defendants themselves.
The court finds probable cause on the contract claims and orders a prejudgment remedy in the amount of $72,500.00, the amount of the liquidated damage claim.
E. EUGENE SPEAR, JUDGE