[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 9, 1994, Joseph Remeika and Alice Remeika appealed a decision of the defendant Bethlehem Planning Commission to the superior court denying a subdivision application. Thereafter, on June 14, 1994, Joseph Remeika sold the property which is the subject of the appeal to Karen S. Ralph and Rebecca L. Cornish. The "Real Proeprty [Property] Sale/Purchase Agreement" dated May 18, 1994, pursuant to which the property was conveyed states in part:
 20. At the time of the execution of this Agreement, all parties hereto recognize that the SELLER's Application to the Bethlehem Planning Commission for Subdivision of the premises into two (2) building lots has been denied. An Appeal of that Decision has been taken to the Litchfield Superior Court by Writ, Summons and Complaint returnable on the fourth Tuesday of June, 1994. As part consideration for this Agreement the parties hereto agree as follows:
 (a). PURCHASER will purchase the entire parcel [3.83 +/- Acres] for the sum of $100,000.00. Of said sum $82,000.00 will be paid over to the SELLER at closing, said sum CT Page 11152 to be theirs in its entirety, absolutely and forever. The remaining $18,000 will be held in escrow by ATTORNEY THOMAS R. FRIZZELL, attorney for the SELLER, pending resolution of the aforementioned Planning Commission Appeal.
 (b). If the said Appeal is successfully pursued and the said JOSEPH REMEIKA AND ALICE REMEIKA are able to subdivide the said premises in accordance with an existing map referred to as "LOTS A AND B TODD HILL ROAD" Prepared by Carroccio-Covill Associates Engineers, then the PURCHASER hereunder agree to convey by way of Warranty Deed the parcel delineated on said Map as "LOT A" to the said JOSEPH REMEIKA and ALICE REMEIKA for the sum of $1.00. Upon delivery of a properly executed Warranty Deed to said "LOT A", JOSEPH REMEIKA and ALICE REMEIKA will order the Trustee to return the $18,000.00 to the said KAREN S. RALPH and REBECCA L. CORNISH.
 (c). Should the Appeal not be successfully pursued and subdivision not be obtained, the SELLER hereunder reserves the right to appeal said Decision to a higher court and to take whatever actions they deem reasonable and necessary to pursue their claim through the exhaustion of available legal remedies, all at their own expense. In no event will this legal process involve more than 2 1/2 years of time commencing on the date of closing and transfer of title as set forth in this Contract. It is understood that the SELLER may request from the PURCHASER hereunder an extension of time beyond the said 2 1/2 year period, which extension of time shall not be unreasonably withheld.
The Purchase and Sale Agreement fails to satisfy the statute of frauds and is therefore void and unenforceable. As a consequence thereof, Plaintiffs Remeika lost a property interest in the land which is the subject of this appeal at the time they transferred title. The purchasers Plaintiffs Ralph and Cornish did CT Page 11153 not acquire a property interest in the subject property within the time allowed for taking an appeal. Thus, none of the Plaintiffs are aggrieved and the appeal must be dismissed.
In order to bring an appeal from the actions of a planning commission, the appealing party must have statutory or classical aggrievement. Statutory aggrievement arises from Conn. Gen. Stat. Section 8-8(a) and (b) and allows an appeal by "(1) persons aggrieved by the agency's decision "Classical aggrievement requires compliance with a two-part test: First the party claiming aggrievement must successfully demonstrate a specific, personal, and legal interest in the subject matter of the decision as distinguished from the general interest, such as is the concern of all members of the community as a whole; second, the party claiming aggrievement must successfully establish that this specific, personal, and legal interest has been specially and injuriously affected by the decision. Smith v. Planning and ZoningBoard, 203 Conn. 317, 321.
Aggrievement is based on the appellate status at the time of appeal rather than the time of the trial. A plaintiff having sufficient interest when the appeal was taken can lose it by conveying his property interest. See Fuller, "Land Use Law and Practice" § 32.5. In Goldfeldv. Planning and Zoning Commission, 3 Conn. App. 172 at 177 the court states:
 It is clear that our Surpeme [Supreme] Court has treated the concept of aggrievement to appeal a zoning commission by the same standards as aggrievement to appeal other administrative decisions. See, e.g., Beckish v. Manafort, 175 Conn. 415, 420; 399 A.2d 1274 (1978); Nader v. Altermatt, 166 Conn. 43, 51-54, 347 A.2d 89 (1974). It is also clear that those standards require that the appellant must sustain his interest in the property involved throughout the course of his appeal.
Craig v. Maher, 174 Conn. 8, 9, 381 A.2d 531 (1977).
Plaintiffs Remeika were the owners of the property and the applicants for subdivision before the Bethlehem CT Page 11154 Planning Commission, Clearly they were statutorily aggrieved. However, by conveying the property to the Plaintiffs Ralph and Cornish, the Plaintiffs Remeika lost their aggrievement.
Plaintiffs Ralph and Cornish did not own the property until after the appeal was taken by the Plaintiffs Remeika and after the appeal period had expired. Therefore, Plaintiffs Ralph and Cornish were not aggrieved during the time period allotted by law in which to take an appeal. Plaintiffs Ralph and Cornish could have filed an appeal based upon their contract if they had chosen to do so. Laverty Hurley Co. v.Commissioner of Transportation, 192 Conn. 367, 377. As a consequence, under statutory aggrievement neither the Plaintiffs Remeika or Plaintiffs Ralph and Cornish can claim aggrievement.
Whether Plaintiffs Remeika or Ralph and Cornish or both can demonstrate classical aggrievement depends on the effect of the Purchase and Sale Agreement. That agreement is only valid if it complies with the statute of frauds. Since the agreement fails to comply with the statute of frauds, it is insufficient to cause either Plaintiffs Remeika or Ralph and Cornish to be aggrieved.
The Connecticut Statute of Frauds (C.G.S. § 52-550) provides in pertinent part, (a) "no civil action may be maintained in the following cases unless the agreement is made in writing and signed by the party, or the agent of the party, to be charged: . . . (4) upon any agreement for the sale of real proeprty [property] or any interest in or concerning real proeprty [property]; . . ." In order to satisfy the statute of frauds, an agreement must state the contract with such certainty that its essentials can be known from the Memorandum itself, without the aide of parole proof, or from the reference contained therein to some other writing or things certain; and these essentials must at least consist of the subject of the sale, the terms of it, and the parties to it, so as to furnish evidence of a complete agreement. Montinaro v. Pandolfini, 148 Conn. 153,157, 168 A.2d 550 (1961); Carta v. Marino, 13 Conn. App. 677,680, 538 A.2d 1091 (1988). The statute of frauds does not require that the Memorandum can constitute the contract itself; all that is required is that the Memorandum furnish with reasonably certainty, CT Page 11155 evidence that the parties have come to a complete agreement. Lynch v. Davis, 181 Conn. 434, 438-39,435 A.2d 977 (1980); Turner v. Hobson, 16 Conn. App. 240, 242
(1988)."
The Purchase and Sale Agreement, paragraph 20 provides that the parties acknowledge an appeal concerning the subject property has been taken to this court. The agreement further specifies what actions shall be taken by the parties in the event that the appeal is successful. In the event the appeal is unsuccessful, the agreement simply provides the seller may appeal the decision and that the time for completion of the appeal may be extended by agreement of the parties. The contract does not indicate what the escrow holder should do with the money held in escrow; who retains title to which portions of the subject property; what adjustments to the purchase price, if any, are made; by what date under any and all circumstances the conveyance in some form shall be complete; whether an unsuccessful appeal might result in the decision of the contract; whether either party is entitled to compensation for actions taken in reliance on the possibility of a successful appeal. The foregoing questions are not intended to be an exhaustive list of the omissions of the Purchase and Sale Agreement.
As our Supreme Court and Appellate Court have recited repeatedly in the cases cited above, the contract must "furnish with reasonable certainty evidence that the parties have come to a complete agreement." In the case at bar, the Plaintiffs Remeika sold the subject property to Ralph and Cornish. The agreement provided in the event of a successful appeal the Plaintiffs Ralph and Cornish would convey back to the Plaintiffs Remeika a certain portion of the property. Eighteen Thousand Dollars ($18,000) was placed in escrow to be returned to the Plaintiffs Ralph and Cornish upon their conveyance to the Plaintiffs Remeika of a portion of the property following a successful appeal. Significantly, no time is provided for the conveyance form the Plaintiffs Ralph and Cornish to the Plaintiffs Remeika. The absence of a time for performance has been cited by our courts as sufficient to cause a contract to violate the statute of frauds.Scinto v. Clericuzio, 1 Conn. App. 566 (1984). Most significantly, in the event the appeal fails there is CT Page 11156 simply no indication of how the parties are to behave, what happens to the land which otherwise might have been conveyed back to the Remeikas, what the escrow holder is to do with the $18,000.00, or when the whole complicated transaction finally will come to a rest. Absent these significant elements, the contract on its face, reveals the parties have not come to a complete agreement but rather the agreement is incomplete in many material respects.
Having violated the statute of frauds, the contract is unenforceable and any aggrievement which either party may claim as a result of this contract is illusory. As the contract fails, so fails aggrievement. The appeal is dismissed for want of aggrievement based on the Plaintiffs Remeika having conveyed the property during the pendency of the appeal and the lack of an agreement giving rise to an appropriate property interest which would satisfy the statute of frauds.