[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION FOR SUMMARY JUDGMENT
FACTS AND PROCEDURAL HISTORY
On December 27, 2000, the plaintiff, Byron J. Round, filed an amended complaint in four counts against the defendants Ralph E. and Kathy L. Matyas. In the first count, the plaintiff seeks specific performance of an alleged contract for sale of the defendants' property to the plaintiff. In the second count, the plaintiff incorporates the first count and seeks to quiet title to the property. The third count alleges a breach of contract. The fourth count alleges bad faith on the part of the defendants. CT Page 12902
The defendants are owners of two parcels of land which the plaintiff allegedly offered to purchase from the defendants. The plaintiff further alleges that: (1) he and the defendants entered into an agreement for the plaintiff to purchase the property; (2) that the agreement was reduced to writing in an Agreement To Sell and Purchase Real Estate (the "agreement"), which the plaintiff signed on October 26, 1999; (3) the agreement was signed by the defendants on November 2, 1999; and (4) a $70,100 check, was tendered to the defendant as a deposit.
On or about June 21, 2000, the defendants returned the plaintiff's $70,100. Since that date, the defendants have refused to take any steps in furtherance of selling the property to the plaintiff despite his representations that he is ready, willing and able to purchase it.
On July 13, 2001, the defendants filed a motion for summary judgment on each count, a memorandum of law in support of the motion, selected portions of the plaintiff's deposition, a copy of the offer to purchase, a copy of the agreement to sell and purchase real estate, and other documentary evidence. The plaintiff filed a memorandum of law in opposition dated August 10, 2001, the plaintiff's affidavit, and other documentary evidence. On August 15, 2001, the defendants filed a supplemental memorandum of law.
MOTION FOR SUMMARY JUDGMENT — STANDARD
Summary judgment may be granted when, and only when, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. The moving party has the burden of showing, by pleadings and documentary evidence, that there is no genuine issue of material fact and that summary judgment should enter in its favor; such evidence and pleadings are to be viewed in the light most favorable to the nonmoving party. Miller v. UnitedTechnologies Corp., 233 Conn. 732, 744-45 (1995). Once the moving party meets its burden, the nonmoving party has the burden of showing through affidavits or other documentary evidence that there is a genuine issue of material fact. "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." Id., 745.
The motion for summary judgment is "designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "The test is whether a party would be entitled to a directed verdict on the same facts." Suarezv. Dickmont Plastics Corporation, 229 Conn. 99, 105-06 (1994).
 DISCUSSION
CT Page 12903
The defendants argue that the agreement upon which the plaintiff relies in bringing the present action is unenforceable because it fails to comply with the statute of frauds. The defendant argues that in the agreement:
 — The defendants' last name is spelled incorrectly (Maytas not Matyas)
 — The address of the property is not correct (103 Camp Dutton Hill Road not 103 Camp Dutton Road)
 — The total purchase price is incorrect ($630,000 not $701,000)
— The title was subject to an easement
— There was no closing date established.
The defendants signed the agreement with the name and address errors; it was the defendants that corrected and initialed the corrected total payment amount. As to the claims related to errors in the spelling of the name, the total payment amount and the easement, the court is not persuaded that these errors are fatal.
Connecticut's codification of the statute of frauds provides in part that no civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party . . . to be charged . . . upon any agreement for the sale of real property or any interest in or concerning real property. . . . General Statutes § 52-550 (a)(4).
"The [s]tatute of [f]rauds requires that the essential terms and not every term of a contract be set forth therein. . . . The essentialprovisions of a contract are the purchase price. the parties. and thesubject matter for sale." (Citations omitted, emphasis added.) Fruin v.Colonnade One at Old Greenwich Limited Partnership, 38 Conn. App. 420,426 (1995), aff'd 237 Conn. 123 (1996).
The plaintiff argues that the agreement by which the plaintiff sought to purchase the property from the defendants consists of not only the agreement but also a residential property disclosure report (the "report") signed by the parties and a rental agreement, again signed by the parties. CT Page 12904
The requirements of the statute of frauds can be met by a single document or a series of related writings. (Emphasis added.) Heyman v.CBS, Inc., 178 Conn. 215, 221 (1979). Furthermore, the statute does not require such writings to be in any particular form. Vachon v. Tomasczak,155 Conn. 52 (1967). The statute does, however, require that the written memorandum state the contract "with such certainty that its essentials can be known from the memorandum itself, without the aid of parol proof . . . and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement." Lynch v. Davis, 181 Conn. 434, 438 (1980).
The defendants also claim that the agreement violates the statute of frauds, because it does not specify a closing date. The absence of a closing date is not necessarily fatal to the agreement. The court inSrager v. Koenig, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 294387 (June 21, 1993, Thim, J.), addressed the issue of the absence of a closing date in a binder for the sale of property. The court found that "[t]he [absence of a closing date on the] binder [did] not violate the statute of frauds for the reason [that] the binder can fairly be construed as providing for a closing date within sixty days of the execution of the binder. Moreover, the law will imply areasonable time for performance if no time for performance is specifiedin a contract." (Emphasis added.) Id.
The plaintiff argues that he complied with the agreement, but that the defendants repudiated the agreement. He contends that he consistently reaffirmed the contract. The plaintiff argues that he sufficiently demonstrated the existence of the contract to sell the property. He asserts that he: (1) listed his current residence for sale; (2) negotiated with the defendants to perform renovations to the property which would be paid for in addition to the purchase price; (3) paid a deposit toward the renovation work; (4) purchased items to be installed on the property; and (5) entered into the rental agreement. In addition there is the question of why the defendants retained the plaintiff's deposit for almost eight months. The plaintiff further alleges that the defendants had knowledge of the plaintiff's efforts to expedite the sale.
Our Supreme Court has set forth an exception to the requirements of the statute of frauds:
 We have held that acts on the part of the promisee may be sufficient to take a contract out of the statute if they are such as clearly refer to some contract in relation to the matter in dispute. . . . The doctrine of part performance arose from the necessity of CT Page 12905 preventing the statute against frauds from becoming an engine of fraud . . . [T]he acts of part performance must be such as are done by the party seeking to enforce the contract, and with the design of carrying the same into execution, and must also be done with the assent, express or implied, or the knowledge of the other party, and be such acts as alter the relations of the . . . The acts also must be of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute . . .
(Citations omitted; internal quotation marks omitted.) Ubysz v.DiPietro, 185 Conn. 47, 54 (1981). "The modern tendency is to deemphasize particular kinds of acts as formulae for the application of an equitable doctrine designed to relieve one who has reasonably relied upon a promise of another from a substantial detriment entailed by the change of position so induced." Breen v. Phelps, 186 Conn. 86, 96 (1982). "Whenever acts of part performance are made out which thus point to a contract, the door is open, and the plaintiff may introduce additional parol evidence directed immediately to the terms of the contract relied upon. . . ." (Internal quotation marks omitted.) Greene v. Scott, 3 Conn. App. 34, 37
(1984).
In the present case, the plaintiff's evidence raises issues of fact as to whether there has been partial performance sufficient to take the contract out of the statute of frauds or whether the statute of frauds applies at all in this matter.
For the foregoing reasons, the court denies the defendants' motion for summary judgment in its entirety.
Cremins, J.