**George J. BAGHDADY, Plaintiff–Appellant,**

v.

**Sami J. BAGHDADY, Defendant–Appellee,**

**Sami W. El Teeny, Defendant,**

**Marcus Tilton, Movant.**

No. 02–7290.

United States Court of Appeals, Second Circuit.

Jan. 29, 2003.

Kenneth A. Votre, Hurwitz, Cooper, Silverman & Votre, New Haven, CT, for Appellant.

Ralph W. Johnson, III, Halloran & Sage LLP, Hartford, CT, for Appellee.

PRESENT: F.I. PARKER, STRAUB, and SACK, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE

OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the day of January, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant George J. Baghdady ("George") appeals the district court's February 14, 2002 judgment, entered after the jury's verdict, dismissing George's complaint against his brother, Sami J. Baghdady ("Sami"). The complaint charged Sami with breach of contract, fraud and unfair trade practices in association with the transfer of George's ownership in a parcel of land in Lebanon to Sami. George argues that the district court erred by: 1) failing to either dismiss his contract and Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. § 42–110a et seq., claims as legally insufficient or present those claims to the jury; 2) failing to engage in choice of law analysis, and, by extension, failing to apply Lebanese law; 3) concluding that his contract claim was barred by the statute of frauds; 4) holding that his CUTPA claim was legally insufficient; and 5) excluding evidence about a second plot of land adjoining the property at issue in this case.

As an initial matter, we reject Sami's contention that we should not consider the merits of George's arguments because they have been inadequately briefed, in violation of Federal Rule of Appellate Procedure 28(a)(9). George's briefs are sufficiently compliant with Rule 28 to warrant this Court's review of the arguments contained within them. *Cf. Sioson v. Knights of Columbus,* 303 F.3d 458, 459–60 (2d Cir.2002) (per curiam) (dismissing appeal for failure to submit an adequate brief where appellant's brief did not have a statement of facts or summary of the argument, "furnishe[d] ... only a precis on the law ... [and included] not one fact, or supposed fact, let alone a fact properly cited to the record, in the brief's 'argument' section").

However, after consideration of George's arguments, we reject each of them, in turn. First, the district court's refusal to present George's contract and CUTPA claims to the jury does not provide a basis for disturbing the judgment because, as we hold below, George's contract and CUTPA claims fail as a matter of law. Second, there was no error in the district court's failure to address the choice of law issue because George never raised it before the district court as required by Federal Rule of Civil Procedure 44.1.

Third, George's contract claim was barred by the statute of frauds because there was no written evidence of the essential terms of the alleged contract. *See Lynch v. Davis,* 181 Conn. 434, 435 A.2d 977, 979 (Conn.1980) ("essential[ terms] must at least consist of the subject of the sale, the terms of it and the parties to it"; "A memorandum is insufficient if it fails to specify the terms of payment of any part of the purchase price...."). The part performance exception is inapposite because any steps taken were not in furtherance of the contract which George claims existed. *See Dunham v. Dunham,* 204 Conn. 303, 528 A.2d 1123, 1130 (Conn.1987) ("The doctrine of part performance requires, ... as an essential element, conduct that is referable to and consistent with an oral agreement between the parties." (internal punctuation removed)).

486

Fourth, George's CUTPA claim is legally insufficient because, although the complaint summarily alleges the he and Sami "were engaged in trade or commerce at all times material to this proceeding," there is no evidence that Sami was in the "trade or business" of purchasing property. *See Quimby v. Kimberly Clark Corp.*, 28 Conn. App. 660, 613 A.2d 838, 844 (Conn.App.Ct. 1992) ("In order to allege a CUTPA violation properly, the plaintiff must allege ... that the acts complained of were performed in a 'trade or business.' "); *Pfeffer v. Fontana*, No. CV 970340872, 1997 WL 809935, at *2 (Conn.Super.Ct. Dec.30, 1997) (weight of authority holds that a one-time sale of real estate by one not engaged in the business of selling real estate does not state a claim under CUTPA). Nor did George establish a sufficient nexus between the alleged real estate transaction and either the public interest, *see Conaway v. Prestia*, 191 Conn. 484, 464 A.2d 847, 852 (Conn.1983), or trade or commerce within Connecticut. *See* Conn. Gen. Stat. § 42–110a (defining "trade or commerce" as "the sale or ... the offering for sale ... [of] any property, [including] real [property] ... *in this state*" (emphasis added)).

Finally, even if the district court erred by excluding the proffered evidence about the adjoining parcel, any such error was harmless. That evidence was relevant, if at all, only to the issue of damages. Because we affirm the dismissal of George's complaint in its entirety, damages are no longer at issue.

We have considered all of George's remaining arguments and find them to be without merit. For these reasons, the judgment of the district court is AFFIRMED.